### DEASON & KEITH *v.* ROCK.

### Opinion delivered June 27, 1921.

APPEAL AND ERROR—REVERSAL OF CHANCERY CASE—NEW TRIAL.—Unless a direction for a new trial is specifically made upon a part or all of the issues involved, a direction for further proceedings according to law and not inconsistent with the opinion means nothing more than to render a decree in accordance with the record made.

Appeal from Benton Chancery Court; *B. F. McMahan,* Chancellor; affirmed.

*Sullins & Ivie,* for appellants.

The mandate in this case was filed in the Benton Chancery Court, and appellees filed motion for judgment upon *the mandate alone* in the sum of $283.50 with interest, to which motion appellants filed a response asking for further hearing and such proceedings as might be necessary in determining the rights of the parties which were not inconsistent with the mandate of this court, and the court sustained a demurrer of appellees to said response and rendered judgment for $283.50 with interest. There is only one question at issue on this appeal, and that is, whether or not, under the opinion and mandate in the former appeal, the appellee was entitled to judgment for the amount sued for, or whether the cause was remanded for further proceedings, in order for the chancery court to ascertain what the loss or damage the appellee had sustained. The latter was the clear

intention of this court in remanding the cause. 225 S. W. 317.

Under the order and opinion in the former case the difference in the contract price and the resale of the 105 barrels of flour and feed sued for was only *a part of the car of flour* ordered or contracted for, and this fact should be taken into consideration in ascertaining the loss suffered by appellees, if any, by the breach of the contract by appellants.

Where a cause is reversed and remanded for further proceedings, the lower court can only carry into effect the mandate of this court, so far as its directions extend, but the chancery court is left free to make any orders or directions in the progress of the case, not inconsistent with the decision of this court, as to any question not presented or settled by such decision. 16 Ark. 181. Where the remanding of a cause for further proceedings is general and no specific directions are made by this court to the lower court in the mandate, the lower court may proceed further with any matter in the cause which was not inconsistent with the opinion of the court on appeal. 54 Ark. 278. Where the record shows that the court below did not dispose of an issue raised by the complaint, and there is no showing that it was abandoned by plaintiff, who on other issues obtained judgment which was not sustained on appeal, the cause will be reversed, not with directions to dismiss the complaint, but to proceed, if plaintiff so desires, to pass upon the undetermined issues. 76 Ark. 162. A chancery case will not be affirmed on appeal for insufficiency of the evidence if it appears that the case was not fully developed on account of an error of the court or mistake of the party when the interest of justice requires that the whole case be more fully developed. 75 Ark. 415; 77 *Id.* 156; 82 *Id.* 51; 102; *Id.* 542; 88 *Id.* 318. Where, on account of the court's misconception of the law, a chancery case is not fully developed, on reversing it this court will remand with directions to reopen the case and hear testimony. 88 Ark. 318.

While, ordinarily, chancery cases are tried *de novo,* yet, where the chancellor has decided a case upon a question of law, upon which he is bound to be in error and leaves undecided questions of fact, this court should remand the case upon such issues of facts. 99 Ark. 500; 110 *Id.* 39. Nothing in our Code prohibits this court from directing a new trial in a chancery case as well as in a court of law. 135 Ark. 201. It is not the practice of this court to pass upon the questions of damages, where the lower court made no finding on the question. 136 Ark. 63. When a cause is reversed and remanded ''for further proceedings,'' this is a remand for further proceedings or a new trial on the issues presented. 122 Ark. 500. The mandate here was general, without any specific directions to the lower court. The opinion of this court upon the facts is not binding or final where the case is remanded for further proceedings. 52 Ark. 473; 124 *Id.* 545; 188 S. W. Rep. 310.

The learned chancellor misinterpreted the former opinion and erred in refusing to proceed further with the case and in rendering judgment for the amount sued for upon the mandate of the Supreme Cuort. 52 Ark. 473; 124 *Id.* 545; 188 S. W. 310.

*McGill & McGill,* for appellee.

It was the duty of the defendants to make all the defenses they had, and his denials should be specific, and where a sentence or paragraph in a complaint contains several facts alleged conjunctively, it is not sufficient to make a denial following the language of the complaint, as it can not be determined which specific allegation is intended to be put in issue, and such denial will put in issue only those allegations that are necessary to sustain the cause of action and those that may be covered by the proof. 31 Cyc. 205; 72 Ark. 62; 84 *Id.* 409; 120 *Id.* 603-4.

This court in its opinion has settled all questions raised, and if, through negligence, ignorance or carelessness, one seeking affirmative relief, one has neglected to set up his defenses or introduce evidence to support them,

the question can not be raised here again.  16 Ark. 168; *Ib.* 181; 45 *Id.* 177; 54 *Id.* 273; 76 *Id.* 162; 77 *Id.* 156; 88 *Id.* 318; 94 *Id.* 329; 98 *Id.* 595; 110 *Id.* 39; 122 *Id.* 491; 135 *Id.* 201; 142 *Id.* 339; 75 *Id.* 415; 102 *Id.* 543.

The cases in 80 Ark. 563 and 136 *Id.* 63 are not in point.

Humphreys, J.  This is the second appeal in this case.  On the first appeal, the decree, dismissing the bill of appellees against appellants, was reversed and the cause remanded for further proceedings, according to law and not inconsistent with the opinion.  That case was styled *"Rock et al.* v. *Deason & Keith,"* and is reported in 146 Ark. 124.  Upon remand of the cause to the Benton Chancery Court, appellants on former appeal, who are appellees herein, moved for a judgment of $283.50.  A response to the motion for judgment was filed by appellees on former appeal, who are appellants herein, denying that appellants herein were entitled to a judgment under the mandate of the Supreme Court on former appeal, but, on the contrary, alleging that the mandate, in substance, directed a new trial of the cause.  A demurrer was filed to the response, and, upon the issue joined, the chancery court held that the direction was for a judgment of $283.50, upon the mandate, as a loss sustained by breach of the contract which formed the basis of the original suit.  In accordance with this interpretation of the mandate, the chancery court rendered a decree against appellants herein for said sum, together with interest and costs.  From that decree an appeal has been duly prosecuted to this court.  New trials are seldom directed by this court upon a reversal of chancery decrees; and, when new trials upon the whole case, or any part thereof, are intended, it has become the established practice of this court, in equity cases, to give special directions to that effect.  On the first appeal in the case of *Rushing* v. *Horner,* 130 Ark. 21, the case was reversed with directions "for a new trial with the privilege to either party to make further proof."  In discuss-

ing what was meant by that direction on the second appeal to the Supreme Court, this court said, in the case of *Rushing* v. *Horner*, 130 Ark. 201, that "when a cause is remanded broadly for a new trial, all the issues in the case are open for trial anew the same as if there had been no trial. On a reversal of a cause by this court, it seldom occurs that the same is remanded for a new trial; but when such is the direction by this court, then the case stands for trial precisely the same as if there had never been any trial." It follows, therefore, from this expression of the court that, unless the direction for a new trial is specifically made upon a part or all of the issues involved, a direction for further proceedings according to law and not inconsistent with the opinion can mean nothing more than to render a decree in accordance with the record made. It was said in the case of *Gaither* v. *Campbell*, 94 Ark. 329, that, upon a reversal of a chancery decree with special directions, which was followed by the words: "And for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion herein delivered," these words added nothing in the way of directions to the special directions given.

We think a direction to a trial court, upon reversal and remand of a chancery decree for further proceedings according to law and not inconsistent with the opinion means nothing more than to render a decree in accordance with the record made. In the instant case, upon motion, a decree was rendered upon the remand without reference to the record made, but no prejudice resulted to appellant on this account,. for, under the issues and evidence in the case, the only evidence adduced showed a breach of the contract for the sale and purchase of 105 barrels of flour and a resultant damage to appellee in the sum of $283.50.

The decree rendered is responsive to the record made, and is therefore affirmed.