SHACKLEFORD *v.* ARKANSAS BAPTIST COLLEGE.

Opinion delivered March 9, 1931.

*John D. Shackleford,* for appellant.

*Booker & Booker* and *Frauenthal, Sherrill & Johnson,* for appellee.

SMITH, J. H. R. Coffman, as trustee, obtained a decree of foreclosure against the Arkansas Baptist College, under which certain lands were sold in partial satisfaction of the judgment for debt there rendered. Later an amended complaint was filed in the same cause, in which it was alleged that one R. S. Bowers, as executor, had in his hands certain money and property which had been devised to the college by one W. W. Wheeler, deceased, and it was prayed that this money be subjected to an equitable garnishment for the benefit of Coffman, trustee, *et al.* On these pleadings an order was made by the court, in which it was recited that the college was indebted to J. D. Shackleford, as its attorney, for services rendered, and that the attorney had a paramount claim to the money in his hands for the satisfaction of his fee. It was then ordered that Shackleford be paid his fee, and that the balance be paid by the executor into the registry of the court.

Before the final submission of the cause, a number of pleadings were filed, and an order of court was entered which recited a submission "on the petition of the plain-

tiffs praying the court to require John D. Shackleford to pay into the registry of this court all funds and property in his hands belonging to the defendants, and on the petition of John D. Shackleford praying that the court allow him a reasonable attorney's fee for services per-. formed for the Arkansas Baptist College. * * *'' The court fixed Shackleford's fee at $1,527.77, and he prayed an appeal from that decree, and a cross-appeal was prayed by the Arkansas Baptist College to this court.

Upon the submission of this cause it was held by us that the fee allowed was excessive, and it was reduced to $500. *Shackleford* v. *Arkansas Baptist College,* 181 Ark. 362, 26 S. W. ('2d) 124. When the mandate went down from this court, Shackleford filed a petition which contained a review of the former litigation, in which he prayed judgment against the college for a sum alleged to be due him for professional services, in addition to those rendered in connection with the settlement of the Wheeler estate. The value of these services were alleged to be $1,461.50, or $6.38 more than the amount of money which Shackleford admitted having in hand belonging to the college. This account relates principally to services in connection with the settlement of the Wheeler estate, although there are items having no relation to it.

A demurrer to this petition was sustained, and, no further pleadings being filed, a decree was rendered on the mandate fixing Shackleford's fees for services to the college at $500. He was, in addition, allowed $11.50 for costs and expenses, this being an item allowed in the final decree from which the first appeal was prosecuted, and which was evidently regarded as being unaffected by that appeal or the judgment or decree of this court thereon.

Shackleford has appealed from this decree, and insists that the former appeal adjudged only the compensation due him in connection with the settlement of the Wheeler estate and took no account of, and did not include, the services for which he now asks compensation.

Whether this be true or not, the former litigation progressed to the point that the question in issue was the state of the account between Shackleford and the college. This question was collateral to the question raised by the original plaintiff, but it became a question in the case and was adjudged by the court. The lawsuit was one in which the attempt was being made to subject funds in Shackleford's hands belonging to the college to the payment of a judgment recovered by Coffman, trustee. Upon this issue the amount due Shackleford by the college was the pivotal question. To determine what sum Shackleford had in his hands due the college, it was necessary to ascertain what fees were due him by the college, and this issue is concluded by the opinion of this court on the former appeal. This is true because, whatever the former case may have been, the present one is a mere continuation of it. No new suit has been brought, and no new issues have been joined. It is the same case between the same parties, and any issues which can now be litigated could formerly have been litigated, and must necessarily be concluded by the decree from which the first appeal was prosecuted and the order and judgment of this court modifying that decree.

A headnote in the case of *Newton* v. *Altheimer,* 170 Ark. 366, 280 S. W. 641, reads as follows: "A judgment on a former appeal became the law of the case and is binding upon a second appeal, and conclusive, not only of every question of law or fact which was decided in the former suit, but also of the grounds of recovery or defense which might have been, but were not, presented."

The principle there announced is conclusive of the point here raised. If Shackleford did not claim all the fees to which he was entitled, he should have done so, and if he can do so now, he should have done so then, and, as he could and should have claimed credit then, he cannot do so now.

The demurrer to the petition was therefore properly sustained, and the decree of the court will be affirmed.