Mary Alice MOORE, Adm'x et al v.
Michael ROBERTSON

5-4566                                   427 S. W. 2d 796

Opinion delivered May 13, 1968

*Bernard Whetstone,* for appellants.

*John M. Graves* and *Louis Tarlowski,* for appellee.

George Rose Smith, Justice. This action arose from a collision between a car being driven by Ezell Walters and a truck being driven by the appellee, Michael Robertson. Clayton Moore, a passenger in the Walters car,

was killed, and Wallace Montgomery, another passenger, was injured. This action for wrongful death and for personal injuries was brought by two of the appellants, Moore's widow and Montgomery. Moore's daughter later intervened as a plaintiff. There were ultimately three defendants in the case: The appellee Robertson, who was driving the truck, Jim Ritchie, who owned the truck, and J. O. Ashcraft, who was Robertson's regular employer. The plaintiffs alleged alternatively that at the time of the collision Robertson was acting as the agent of each of his codefendants.

Robertson failed to plead to the complaint within the time required by statute. The court entered a default judgment against Robertson, reserving the issue of damages for a later determination. Later on, however, the court set aside the default judgment and allowed Robertson to defend the suit. Upon a trial on the merits the court found in favor of all three defendants, finding specifically that none of the three defendants was negligent and that Robertson was not acting as agent for either Ritchie or Ashcraft at the time of the collision.

When the trial court announced his decision counsel for the plaintiffs made a rather unusual request, asking that the court, despite his decision in favor of the defendants, nevertheless find the amount of the plaintiffs' damages, to provide for the possibility that on appeal the court's action in setting aside the default judgment against Robertson might be reversed. With some reluctance the court acceded to that request and made offhand findings of damages totaling $24,620.60.

Counsel for the plaintiffs proved to be a good prophet, for on the first appeal we held that the court should not have set aside the default judgment. We remanded the case "for reinstatement of the default judgment." *Moore* v. *Robertson*, 242 Ark. 413, 413 S. W. 2d 872 (1967). Upon remand the trial court heard a number of witnesses on the issue of damages and made

awards to the plaintiffs totaling $9,200.00. The case now reaches this court for the second time, on appeal and cross appeal.

On direct appeal the plaintiffs insist that on remand the trial court had no choice except to make awards totaling $24,620.60 in accordance with its findings at the end of the first trial. That same argument was made on the first appeal and was rejected, our direction on remand being only that the default judgment be reinstated. That conclusion is now binding as the law of the case. *Storthz* v. *Fullerton*, 185 Ark. 634, 48 S. W. 2d 560 (1932). We may appropriately add that we are still of the same opinion as we were then. To allow the losing litigant to encumber the appeal with contingent or provisional issues would needlessly complicate the proof in the trial court, the responsibilities of counsel on appeal, and this court's consideration of the controlling question. Moreover, as this record demonstrates, the trial court's treatment of semifictitious issues is apt to have all the disadvantages of a curbstone opinion, with hardly any countervailing benefit.

On cross appeal Robertson first contends that the trial court's decision in favor of his codefendants, on the merits, should enure to his benefit as well. That contention is based upon a common-law rule that where one defendant answers and another defaults, a decision on the merits in favor of the answering defendant—upon a defense common to both defendants—operates as a release of the defaulting defendant. *Burt* v. *Henderson*, 152 Ark. 547, 238 S. W. 626 (1922).

The appellee's contention is not now available to him, because it could and should have been made on the first appeal. The rule is that the decision on the first appeal is conclusive of any arguments that were or could have been made at that time. *Storthz* v. *Fullerton*, *supra*. The case at bar confirms the wisdom of the rule. If the appellee's contention has merit—a point which

we do not decide—its assertion on the first appeal would have done away with the necessity for a second trial and a second appeal, with their attendant expenditure of time and money. Such waste can be effectively prevented only by a strict adherence to the principle that points not urged upon the first appeal are not available later on.

The appellee also contends on cross appeal that the several awards made by the trial court are all excessive. For the most part we regard them as somewhat modest —so much so that a discussion of each award would be of no value as a precedent. We must, however, sustain the contention that the proof does not support the allowance of $500 to Mabel Edwards as compensation for mental anguish occasioned by the death of her father. It was settled by *Peugh* v. *Oliger,* 233 Ark. 281, 345 S. W. 2d 610 (1961), that compensable mental anguish means something more than the normal grief occasioned by the loss of a loved one. Mrs. Edwards's father was 74 years old at his death; she was a mature woman with grown children. There is no proof of any special ties of affection between Mrs. Edwards and her father. In fact, the sole proof pertinent to the issue of mental anguish consists of a single question and answer: "Q. You had love and affection for your father? A. Yes, I did." Under the rule adopted in the *Peugh* case that meager proof is not sufficient to support any award for Mrs. Edwards's mental anguish. To that extent only the judgment must be reversed and the cause of action dismissed.

Affirmed on direct appeal; reversed in part on cross appeal.