FIRST AMERICAN NATIONAL BANK OF NASHVILLE, TENNESSEE, and Stanley M. HUGGINS, Trustee *v.* Boyd L. BOOTH and SHERWOOD FORREST, Inc.

80-128                                      606 S.W. 2d 70

Supreme Court of Arkansas
Opinion delivered October 13, 1980

*Winchester, Marshall, Huggins, Carlton, Leake & Brown*, Memphis, Tennessee, and *Barrett, Wheatley, Smith & Deacon*, for appellants.

*Bradley & Coleman*, by: *Douglas Bradley*, for appellees.

RICHARD L. MAYS, Justice. This is the second appeal arising from a suit by appellees on a purchase money loan to impress an equitable lien upon land on which appellants' predecessor had also made a construction loan. In the first appeal, we reversed the trial court's judgment which voided the construction loan on the basis of usury. *First American National Bank of Nashville, Tennessee v. McClure Construction Co., et al*, 265 Ark. 792, 581 S.W. 2d 550 (1979). Appellants now seek to reverse a subsequent decision on remand by the trial court granting appellees' judgment lien priority over appellants' construction mortgage. We do not reach the merits of appellants' argument since we find that appellants' failure to raise the priority of claims issue in the first appeal is conclusive of their claim in this appeal.

Appellee, Sherwood Forest, Inc., conveyed three lots in Greene County, Arkansas, to John C. Watkins in consideration of his oral promise to pay $2,000 per lot. Watkins then obtained construction loans secured by deeds of trust on each lot in the total amount of $57,700 from Guaranty Mortgage Company of Nashville, Tennessee, the predecessor of the appellant, First American National Bank of Nashville, Tennessee. Approximately 2 months later Watkins conveyed the three lots to Gary McClure for consideration of three promissory notes in the amount of $2,000 each, which were immediately endorsed by Watkins to Sherwood Forrest. When McClure defaulted on payment of the notes, appellees brought suit against Watkins, McClure and appellants to

recover the $6,000 purchase price of the three lots, to impress an equitable lien on the lots and to have the lien declared to be prior to the mortgage lien held by appellants. Although the trial court entered a judgment for $5,234 against McClure and granted the equitable lien, it did not reach the priority of lien question because it held that appellants' construction loan was usurious and, therefore, unenforceable. The finding of usury was reversed on appeal, and on remand, based solely on the record which had been made before the first appeal, the trial court held that appellees' judgment lien was prior to the deed of trust lien of appellants. Arguing that the trial court's ruling is contrary to the law, appellants again seek relief from this court.

We have a well established rule that all matters which were or might have been determined in a former appeal may not be presented in a subsequent appeal of the same case. *Storthz* v. *Fullerton*, 185 Ark. 634, 48 S.W. 2d 560 (1932), *Moore* v. *Robinson*, 244 Ark. 837, 427 S.W. 2d 796 (1968). The rule is grounded on a policy of avoidance of piecemeal litigation and is invoked by appellees to preclude this court's examination of the correctness of the lower court decision subordinating appellants' lien to the judgment lien of appelless. Although appellants point out that the trial court did not expressly rule on the issue of priority until after the first appeal, we find appellees' contention persuasive. The issue of lien priority was ripe for presentation in the first appeal and should have been argued. Essentially the same parties, pleadings, testimony, and exhibits which were before this Court on the first appeal are before this Court today. There is no reason why this Court could not have determined the issue had it been properly raised. Since, in the course of orderly procedure, appeals will not be allowed by piecemeal, no further relief is available.

Affirmed.