Boyd Henry SANDERS and Pauline SANDERS *v.*
James WHEATON d/b/a NEUMAN DRILLING CO.
and COVINGTON FARMS, INC.

81-105                                          619 S.W. 2d 674

Supreme Court of Arkansas
Opinion delivered July 20, 1981

418

*Hale, Fogleman & Rogers*, for appellants.

*Mooney & Boone* and *Barrett, Wheatley, Smith & Deacon*, for appellees.

STEELE HAYS, Justice. Boyd Henry Sanders and Pauline Sanders brought suit for damages for a personal injury sustained by Sanders while employed by Covington Farms, Inc., appellee. Sanders injured his back helping James Wheaton, also an appellee, lift a piece of machinery weighing some 300 lbs., known as a "gear drive" and used in connection with a rice well. Pauline Sanders claims loss of consortium due to the injury and the two suits were consolidated for trial.

The testimony establishes that on May 9, 1975, Robert L. Covington asked Wheaton to install the gear drive on a rice well which had been repaired by Wheaton's company, Neuman Drilling Co. Wheaton was short handed and Covington instructed him to obtain the necessary assistance from Boyd Sanders. Wheaton drove to the Covington farm with the gear drive in a pickup truck and picked up Sanders. Sanders accompanied Wheaton to the well site and he contends that as the two men were in the process of lifting the gear drive from the truck to the well head, the drive shaft turned in his hands causing the gear drive to twist, become unbalanced, and its entire weight shifted to him injuring his back. Wheaton testified in contrast that the gear drive did not fall as Sanders described and that Sanders professed no

injury. There were no other witnesses to the incident. The jury returned a verdict in favor of the defendant-appellees. We can find no merit in appellants' points for reversal.

Appellants' first point charges that the court erred in allowing Wheaton to testify that he and only one other man had manually installed gear drives "hundreds of times" before. Appellants argue that admitting such testimony is error since it allows the defendant to absolve himself of any negligence merely by proving that his conduct at the time of this particular incident was in conformity with his past practices. We disagree. During appellants' case-in-chief, the fact was fully developed that hoisting equipment and additional farm hands were available to assist in the placement of the gear drive. We· believe, therefore, the evidence offered by the appellees could properly be admitted for the purpose of rebutting the inference that the appellees were negligent in not using additional men or equipment. Uniform Rules of Evidence, Rule 105, Ark. Stat. Ann. § 28-1001, et seq. (Repl. 1979), clearly contemplates that evidence may be admitted for a single purpose. We will not reverse the trial court's decision in admitting the evidence objected to if, for any reason, the evidence can be properly admitted.

Second, the appellants argue that the trial court erred in failing to instruct the jury that Covington Farms had a duty to warn Sanders of any dangers involved in the task of which the employee was unaware. We do not agree that the court erred in refusing the instruction. The duty to warn an employee of risks involved in the performance of his tasks arises out of the superior knowledge of the employer. *J. L. Williams & Sons, Inc.* v. *Tompkins*, 195 Ark. 1146, 114 S.W. 2d 845 (1938). However, as this court stated in *Benedum-Trees Oil Co.* v. *Sutton*, 198 Ark. 699, 130 S.W. 2d 720 (1939):

> It is well settled that an employee assumes all the ordinary risks and hazards incident to his employment and where his knowledge thereof equals or exceeds that of the employer there is no liability. At 702.

In the present case, there was no evidence offered that

Covington Farms had superior knowledge of any risks involved in setting the gear drive on the well and the task itself appears rather commonplace. It is true that Covington Farms is in the business of rice production which required repairs to its wells from time to time, still, it was not demonstrated that Covington Farms had ever repaired or replaced the gear drives or that the inherent nature of the undertaking implied a risk. In sum, there is no evidence to attribute superior knowledge to the employer, Covington Farms, of a risk of which the employee might be unaware.

Third, the appellants argue that the trial court erred in failing to give appellants' requested instruction number 1. We disagree. The proposed instruction reads:

It was the duty of Covington Farms, Inc. to use ordinary care to provide Boyd Sanders with reasonably safe and suitable tools and machinery or sufficient assistance with which to do his work.

The instruction actually given by the court reads:

It was the duty of Covington Farms, Inc. to exercise reasonable care in providing Boyd Sanders with sufficient assistance to enable him to carry out his assigned work with reasonable safety to himself.

Assuming that appellants were entitled to such an instruction, we believe that the instruction as given adequately states the issue sought by appellants' proposed instruction. As we have stated, a party is not entitled to his or her particular preference in the wording of the instruction, and a trial judge is not required to say the same thing in different words. *Butler* v. *State*, 261 Ark. 369, 540 S.W. 2d 651 (1977), and *Sumlin* v. *State*, 266 Ark. 709, 587 S.W. 2d 571 (1979). The result might be different if this were a case in which the court refused to give a clearly applicable Model Instruction. *Boyd & Smith* v. *Reddick & Twist*, 264 Ark. 671, 573 S.W. 2d 634 (1978). But here we find no error in the court's preference for its own language.

Fourth, the appellants argue that the trial court erred in

failing to instruct the jury that any duty owed by Covington Farms to its employee could not be delegated to another. This argument fails for three reasons. One, as noted above, the record fails to reveal any superior knowledge on the part of Covington Farms creating a duty to warn the appellant. *J. L. Williams & Sons, Inc.* and *Benedum-Trees Oil Co.*, above. Two, in the absence of such a duty, the only remaining issue was whether there was a duty to provide a safe means of accomplishing the task. But we believe that the instruction given by the court sufficiently addressed that issue, as we have said. To add a separate instruction that such a duty was nondelegable would have been surplusage, and any objections to the failure to state the non-delegability of such a duty should have been made in an objection to the instruction that was given by the court. And third, even if we were to find error as alleged under this argument, we do not believe that within the context of this case the error would be grounds for reversal. The verdict rendered by the jury found both Covington Farms and James Wheaton, d/b/a Neuman Drilling Company wholly free of any negligence. It is obvious from the verdict that the jury did not in fact shift the duties of Covington to Wheaton since it found Wheaton wholly free of negligence. The appellants' arguments would have some weight if the jury had found Covington free of negligence while finding Wheaton to have been negligent, since an assumption could then be drawn that the jury had ignored the trial court's instruction as to Covington's duty and had shifted that duty to Wheaton. But neither Covington nor Wheaton was found negligent and we cannot say that the alleged error was so prejudicial as to require a reversal.

Fifth, the appellants argue that the court erred in instructing the jury that each person is presumed to know more about his own strength and to be better informed about his ability to lift than a stranger. At trial, appellants objected to this instruction on the grounds that such an instruction is not supported by the facts elicited. We disagree.

Testimony was elicited as to the weight of the gear drive; we believe that this sufficiently placed the issue before the jury so that the court could properly instruct the jury as

to the presumption stated. An instruction of this kind is supported by the law of this state. *See, Smith.* v. *Snider*, 247 Ark. 342, 445 S.W. 2d 502 (1969).

In this appeal, the appellants expand considerably the argument made at trial as to the instruction complained of. Appellants now argue that the instruction prejudicially focused on a single fact within the case, that the instruction was conclusory and invaded the province of the jury. We do not consider these arguments since they are raised for the first time on appeal. *Hubbard* v. *University of Arkansas Medical Sciences*, 272 Ark. 500, 616 S.W. 2d 10 (1981).

Finally, the appellants argue that this case should be reversed on the basis of a remark made by the appellees' attorney in closing argument to the jury:

I don't believe I have been in a court where the evidence was so weak.

Upon objection by appellants' counsel, the court admonished the jury as follows:

Ladies and gentlemen, you were previously instructed that the argument, remarks and statements of the attorneys are not evidence. You are not to base your verdict upon the personal opinion of the attorneys but it is for you to determine where the weight of the evidence lies.

We regard the admonition as sufficient to remind the jury that remarks of counsel are not evidence.

Judgment affirmed.