Elsie ALEXANDER, Administratrix of the Estate of John Alexander, Deceased *v.* Jerry C. CHAPMAN, M.D., and Crestview Family Clinic

88-63                                                   771 S.W.2d 744

Supreme Court of Arkansas
Opinion delivered June 12, 1989
[Rehearing denied July 10, 1989.*]

---

*Glaze, J., would grant rehearing. Purtle, J., not participating.

*Perroni, Rauls & Looney, P.A.*, by: *Samuel A. Perroni*; *Wilson, Engstrom, Corum & Dudley*, by: *William R. Wilson, Jr.*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura A. Hensley* and *Calvin J. Hall*, for appellee.

DARRELL HICKMAN, Justice. This is the second appeal in this medical malpractice case. For the second time, a jury returned a verdict for the defendant. In the first appeal, the only issue presented was whether the trial tactics used by the defense attorneys were so objectionable as to require retrial. We reversed and remanded on that basis. *Alexander* v. *Chapman*, 289 Ark. 238, 711 S.W.2d 765 (1986).

At both trials, the judge used AMI 1501 to instruct the jury on a physician's duty of care; but at the second trial, the appellant objected. AMI 1501 provides that a physician must possess and, using his best judgment, apply with reasonable care the degree of skill and learning ordinarily possessed by members of his profession in good standing in the same type of practice in the same or similar locality. The appellant argued that AMI 1501 has been superseded by the burden of proof provisions of the medical malpractice act. *See* Ark. Code Ann. § 16-114-206(a) (1987). The act does not use the "best judgment" language found in the model instruction. Appellant claimed this language constituted a subjective standard of care and imposed an unfair hardship on medical malpractice plaintiffs.

The trial judge instructed the jury using AMI 1501 and that is the error presented in this second appeal. The same instruction was given at the first trial, and the appellant could have made an objection but did not. The medical malpractice act, which appellant now claims superseded AMI 1501, was in effect at the time of the first trial. We find the law of the case doctrine bars an attempt to raise this issue on a second appeal.

The general rule is that, where the pleadings and issues are substantially the same, all questions which were actually presented or which could have been presented in the first appeal are barred in the second appeal. *See* 5B C.J.S. *Appeal & Error* § 1825; 5 Am. Jur. 2d *Appeal & Error* § 752. Some jurisdictions

hold that only questions actually decided are barred from subsequent consideration. But Arkansas follows the general rule. We have said in a number of cases that an argument which could have been raised in the first appeal and is not made until a subsequent appeal is barred by the law of the case.

In *First American National Bank of Nashville, Tennessee* v. *Booth*, 270 Ark. 702, 606 S.W.2d 70 (1980), we affirmed a second appeal on that basis. At the initial trial, the court held that a loan made by the bank was usurious. On the first appeal, we reversed that finding and the case was remanded. The trial court then held that the bank's lien was inferior to the appellee's. The bank brought a second appeal questioning that ruling. We held the issue of lien priority could have been presented on the first appeal. In affirming, we said the following:

> There is no reason why this Court could not have determined the issue had it been properly raised. Since, in the course of orderly procedure, appeals will not be allowed by piecemeal, no further relief is available.

In *Woodward* v. *Blythe*, 249 Ark. 793, 462 S.W.2d 205 (1971), a car accident case, judgment was awarded against Woodward in the first trial, and he appealed. We reversed, saying there was not sufficient evidence that his negligence was the proximate cause of the accident. Woodward lost at the second trial and appealed again. One of his arguments on appeal was that it was error to give a certain jury instruction. We said the following:

> Since this very same instruction was given at the initial trial over appellant's objection and not complained of upon first appeal, the law of the case again must be applied and we are precluded from considering it now for the first time.

In *Moore* v. *Robertson*, 244 Ark. 837, 427 S.W.2d 796 (1968), there were three defendants in a wrongful death case. One defendant failed to answer. Default judgment was entered against him but was later set aside. The plaintiffs appealed, saying the default judgment should have been allowed to stand. We agreed and reversed and remanded.

After a new trial, plaintiffs prevailed but appealed the amount of the verdict and the defendant cross-appealed. The

defendant's argument was that the answers of the other two defendants should have operated to this benefit. We refused to consider that theory since it could have been raised on the first appeal but was not.

In *St. Louis Southwestern Railway Co.* v. *Jackson*, 246 Ark. 268, 438 S.W.2d 41 (1969), a case involving a car-train collision, the railroad appealed from a verdict against it and asserted several points of error. It unsuccessfully urged a particular theory that grandparents of the decedent should not recover for mental anguish. This case was reversed on other grounds. On retrial, the verdict was against the railroad. In its second appeal, it propounded a new theory for its argument that the grandparents should not recover mental anguish damages. We held that the law of the case barred consideration of that argument:

> We would be less than honest if we did not agree with the appellant that the law of the case doctrine is a harsh rule, but when weighed on a scale of justice we find that the confusion and uncertainty which would result without use of the doctrine outweighs the harshness.

In a concurring opinion, Justice George Rose Smith addressed the contention raised in a dissenting opinion that the new theory could not have been raised in the first appeal because it had not been presented at the first trial. Justice Smith observed that the matter could have been brought to this court's attention as an issue that could arise on retrial:

> When we are *affirming* a case we customarily reject arguments that are vulnerable to technical procedural defects, such as a failure to make the proper objection in the trial court, a failure to include in the motion for a new trial an objection in a criminal case, a failure by the trial judge to give a requested instruction that was imperfectly drawn, a failure to save an exception in a criminal case, and a host of other procedural defects that must ordinarily be given effect in the orderly conduct of litigation.

> When, however, we have *already* found reversible error and are *remanding* the case for a new trial, the situation is wholly different — quite as much so as night from day. It is then our practice — and rightly so — to

consider on its merits any contention that may arise again when the case is retried, regardless of procedural defects that would otherwise compel us to reject the contention. The only requirement is that the point be brought to our attention in the briefs. . . .

. . . .

Our practice is demonstrably right. It involves no unfairness either to the trial court or to the losing party, because the case is going back for a new trial in any event. Hence what we try to do is to prevent still a third trial as a result of some error that is called to our attention upon the first appeal. The view of the dissenting opinion, on the other hand, would encourage such unnecessary third trials by requiring us to reject, on procedural grounds, contentions that ought to be disposed of on their merits upon the first appeal.

We have the same situation in this case. Could the same objection to AMI 1501 have been made at the first trial? Yes. The same law was in effect and the same instruction was given. During oral argument, the appellant stated that, at the first trial, the judge was going to give her proffered instruction instead of AMI 1501. But when the appellee objected, the appellant decided not to press the issue. She withdrew her proffered instruction and allowed AMI 1501 to be given without objection. She was, therefore, precluded from challenging the instruction in the second trial.

■ It makes no difference that the appellant did not object to the instruction at the first trial. *St. Louis Southwestern Railway* v. *Jackson, supra. See also Norris* v. *Bristow*, 361 Mo. 691, 236 S.W.2d 316 (1951); 75 Am.Jur.2d *Trial* § 927. It also makes no difference that the trial court's decision to overrule the appellant's objection was not based on the law of the case doctrine. We will affirm the court's ruling if it is correct for any reason. *Sanders* v. *Newman Drilling Co.*, 273 Ark. 416, 619 S.W.2d 674 (1981). *See also* 5 C.J.S. *Appeal and Error* § 1464(6). The appellee was not bound to present to the trial court every conceivable reason for overruling the appellant's objection. So even if we were to say it was error to give the instruction, we

would not reverse. The appellant's objection was correctly overruled because of the law of the case doctrine.

■ Finally, we point out that our reliance on the law of the case doctrine does not conflict with the general proposition that when a case is reversed and remanded for a new trial, all of the issues are opened anew. *Overton Constr. Co.* v. *First State Bank*, 285 Ark. 361, 688 S.W.2d 268 (1985); *Sanders* v. *Walden*, 214 Ark. 523, 217 S.W.2d 357 (1949). In cases in which there is a broad remand, we allow a party to amend its pleadings as necessary. Here, there was no amendment of pleadings. The law of the case doctrine prevents consideration of an argument that could have been made at the first trial.

The appellant also asks us to award costs of $1,336.10 to her for additional parts of the record designated by the appellees. The portions included by the appellees and paid for by the appellant were unnecessary to the consideration of the issues in this case. Costs are awarded to the appellant as requested.

Affirmed.

PURTLE, J., not participating.

HOLT, C.J., GLAZE, J., and Special Justice ROBERT M. FORD dissent.

ROBERT M. FORD, Special Justice, dissenting. The majority concludes that the burden of proof issues raised by this appeal cannot be reached on the theory of the "law of the case doctrine." I disagree.

The first trial of this case in 1985 was so severely flawed by attorney misconduct, I am of the opinion that the case went back to the trial court on its all fours as a re-trial de novo. The court used the language "reversed and remanded" in *Alexander* v. *Chapman*, 289 Ark. 238, 711 S.W.2d 765 (1986). I would allow all issues to be opened anew and not restrict the remand. The majority opinion following the first appeal in no way was a limited remand and is a new trial. I do not think the appellate court has to use the magic words "reversed and remanded for a *new trial*" to avoid the harsh ruling that results by applying the law of the case doctrine. *Overton Constr. Co.* v. *First State Bank*, 285 Ark. 361, 688 S.W.2d 268 (1985); *Sanders* v. *Walden*, 214 Ark. 523, 217

S.W.2d 357 (1949); *Deason & Keith* v. *Rock*, 149 Ark. 401, 232 S.W. 583 (1921). The court in *Deason* at page 402 stated,

> Where the remanding of a cause for further proceedings is general and no specific directions are made by this court to the lower court in the mandate, the lower court may proceed further with any matter in the cause which was not inconsistent with the opinion of the court on appeal.

I contend *Alexander* v. *Chapman, supra,* was a broad remand. The cases cited by the majority in upholding the law of the case are in conflict with the cases that stand for the general proposition of a broad remand. There was no clarification by this court as to whether or not the case was broadly remanded and all issues were open for trial anew the same as if there had been no trial. The dictum by the majority does not clear up the confusion.

Appellant, Elsie Alexander, Individually and as Administratrix of the Estate of John Alexander, deceased, filed a medical negligence suit against Jerry C. Chapman, M.D. and Crestview Family Clinic, P.A., alleging that Jerry C. Chapman failed to diagnose and treat John Alexander who died of a heart attack secondary to arteriosclerotic heart disease. The date of death was October 1, 1979.

The second trial was concluded on August 10, 1987, the jury finding for Jerry C. Chapman, M.D. and Crestview Family Clinic, P.A. This appeal by Elsie Alexander followed.

Appellant argues on appeal that the giving of jury instruction AMI 203 in conjunction with AMI 1501 is not a correct statement of the law as to the burden of proof in medical malpractice cases. Appellant contends that the proper statement of the law as to the burden of proof is found in the Arkansas Malpractice Act as codified in Ark. Code Ann. §§ 16-114-201 —16-114-209 (1987), particularly section 16-114-206 entitled "Burden of Proof." The language in AMI 1501, which defines the standard of care applicable to a medical care provider within the context of "using his best judgment," is at the heart of the appellant's argument that the circuit court gave improper jury instructions.

Dr. Chapman and Crestview Family Clinic argue that AMI 1501 correctly states the standard of care required of a medical

care provider. Further, the appellees argue that AMI 1501 does not create a subjective standard of care and that the instruction is not in conflict with or superseded by section 16-114-206.

The circuit court's alleged error in the giving of AMI 203 in conjunction with AMI 1501 in the instructions given was preserved by compliance with the Arkansas Rules of Civil Procedure, Rule 51. *See City of Little Rock* v. *Weber*, 298 Ark. 382, 767 S.W.2d 529 (1989). Not only did the appellant give a timely objection to the instructions, with valid reasons, but offered proposed instructions on the burden of proof and standard of care issues. *Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986); *Tandy Corp.* v. *Bone*, 283 Ark. 399, 678 S.W.2d 312 (1984).

The appellant asked this court to set aside the common law language in AMI 1501 as outlined in the case of *Dunman* v. *Raney*, 118 Ark. 337, 176 S.W. 339 (1915). This I would do. The court in *Dunman*, at page 346, stated the following:

> Appellant does not contend that the instruction was erroneous in other respects, and it was not. A physician or surgeon is not required to exercise the highest skill possible. He is only bound to possess and to exercise that degree of skill and learning ordinarily possessed and exercised by members of his profession in good standing, practicing in the same line, and in the same general neighborhood or in similar localities. He must use reasonable care in the exercise of his skill and learning, *and act according to his best judgment* in the treatment of his patients. (Emphasis supplied.)

The ARKANSAS MODEL JURY INSTRUCTIONS (Civil), now in its third edition, incorporated the language in *Dunman*. The first paragraph of AMI 1501 reads as follows:

> In [diagnosing the condition of] [treating] [operating upon] [obtaining the informed consent of] a patient, a [physician] [surgeon] [dentist] [medical care provider] must possess, and, using his best judgment, apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of his profession in good standing, engaged in the same [type of practice] [or]

[specialty] in the locality in which he practices, or in a similar locality. A failure to meet this standard is negligence.

The Arkansas Supreme Court's Committee on Jury Instructions stated in the comments to AMI 1501 that, "Although the phrase, 'using his best judgment,' is not included in the statutory definition of the standard of care owed by a medical care provider, the Committee has elected to retain it in this instruction pending resolution of the issue by the Supreme Court of Arkansas."

The duty set forth in the first paragraph of AMI 1501 has been approved and has been well settled throughout the cases. *See Gambill* v. *Stroud*, 258 Ark. 766, 531 S.W.2d 945 (1975); *Dunman, supra; Walls* v. *Boyett*, 216 Ark. 541, 226 S.W.2d 552 (1950).

AMI 203 and AMI 1501 given together had been court approved instructions as a correct statement of the law in medical malpractice cases until the Arkansas legislature passed Act 709 of 1979. Ark. Code Ann. § 16-114-206 (1987) (formerly Ark. Stat. Ann. § 34-2614). Subsection (a) of the statute reads as follows:

(a) In any action for medical injury, the plaintiff shall have the burden of proving:

(1) The degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he practices or in a similar locality;

(2) That the medical care provider failed to act in accordance with that standard; and

(3) That as a proximate result thereof, the injured person suffered injuries which would not otherwise have occurred.

This court approved the language of section 16-114-206(a) in the cases of *Prater* v. *St. Paul Ins. Co.*, 293 Ark. 547, 739 S.W.2d 676 (1987), and *Sexton* v. *St. Paul Fire and Marine Ins. Co.*, 275 Ark. 361, 631 S.W.2d 270 (1982). I would hold that this legislation, which is in derogation of the common law, should be

strictly construed. *Hackney* v. *Southwest Hotels, Inc.*, 210 Ark. 234, 195 S.W.2d 55 (1946). "Using his best judgment" modifies the standard of care outlined in section 16-114-206. Failure of a medical care provider, as defined in section 16-114-201(2), to meet the standard of section 16-114-206(a), is negligence. Deviation from this standard should not be excused by the exercise of the provider's best judgment.

To avoid further confusion between the legislation, AMI 203 and AMI 1501, I would hold that in all future medical injury cases that come within the purview of the Arkansas Medical Malpractice Act (Act 709 of 1979) the court's instruction in lieu of AMI 203 (burden of proof against damages based upon negligence) and AMI 1501 (duty of physician, surgeon, dentist or other medical care provider) should read as follows:

In an action for medical injury, the plaintiff has the burden of proving the following three elements:

(1) The degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which the ___ practices or in a similar locality;

(2) That the medical care provider failed to act in accordance with such standard; and

(3) That as a proximate result thereof, the injured person suffered injuries which would not otherwise have occurred.

If you find by a preponderance of the evidence in this case that each of the elements has been proved, then your verdict should be for _____, and against
(Plaintiff(s))
_____; but if, on the other hand, you find by a
(Defendant(s))
preponderance of the evidence that any of these elements has not been proved, then your verdict should be for the _____. Ark. Code Ann. § 16-114-206(a)

I would further hold that the present "Note on Use" of AMI 1501, as outlined in the ARKANSAS MODEL JURY IN-

STRUCTIONS (Civil), Third Edition, will apply for the burden of proof instruction as now covered by Ark. Code Ann. § 16-114-206(a). The second paragraph of AMI 1501 should be used where the facts and proof of a medical injury case so warrant. If no expert testimony is required in Plaintiff's proof, AMI 102 would be a correct instruction. See *Prater, supra,* and *Sexton, supra.*

I would reverse and remand.

HOLT, C.J., and GLAZE, J., join in this dissent.