ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. EARLE.

Opinion delivered April 1, 1912.

1. TRIAL—IMPROPER ARGUMENT OF COUNSEL.—It is reversible error for an attorney to make statements in his argument as to matters of fact about which there is no testimony if prejudice resulted therefrom to the losing party. (Page 358.)

2. SAME—ARGUMENT OF COUNSEL.—An attorney may express his opinion as to the effect of the evidence adduced, and may criticise witnesses of opposing party whose testimony is in conflict with the established facts or other evidence in the case. (Page 359.)

3. SAME—ARGUMENT OF COUNSEL—DISCRETION OF COURT.—While the discretion of the trial court in controlling the argument of counsel is judicial and subject to review, its exercise will not be disturbed unless it clearly appears that the discretion has been abused. (Page 359.)

4. SAME—ARGUMENT OF COUNSEL.—Where, in an action for injuring a horse, there was testimony tending to prove that the animal was showing signs of fright in plain view of the trainmen, but the conductor and engineer testified that they did not discover the horse's condition, it was not error to permit plaintiff's counsel, in his closing argument, to say: "The conductor and engineer that have been introduced here as

witnesses on the part of the railroad claim that they did not see the trouble plaintiff's team was in, did not know the blowing of the whistle or the escaping of the steam was causing plaintiff's horse to take fright. They must have known it. If they did not know it, then it was some other conductor and engineer in charge of it which frightened plaintiff's horse, and not the train that this conductor and this engineer were in charge of." (Page 359.)

5. SAME—OPENING STATEMENT—PREJUDICE.—Where, in an action against a railroad company, the defendant's attorney, in selecting the members of the jury to try the case, asked them whether they had any prejudice against railroads, it was not prejudicial error for plaintiff's attorney, in his opening statement to say that "the questions that have been propounded to the jurors by counsel for the defendant were an insult to their intelligence." (Page 360.)

6. APPEAL AND ERROR—ARGUMENT OF COUNSEL—WAIVER OF EXCEPTIONS. —Exceptions to counsel's argument will be deemed waived if not brought forward in the motion for new trial. (Page 360.)

Appeal from Conway Circuit Court, *Hugh Basham*, Judge; affirmed.

*W. E. Hemingway, Lovick P. Miles* and *Thomas B. Pryor*, for appellant.

*Mehaffy, Reid & Mehaffy*, for appellee.

FRAUENTHAL, J. This is an action instituted by appellee to recover the value of a horse which it is alleged was killed by reason of appellant's negligence. The act of negligence charged consisted in unnecessarily emitting steam and making a noise in the handling of its engine and train, thereby causing appellee's horse to become frightened, and the consequent injury to it, and in failing to use ordinary care to avoid the injury after discovering the fright and danger of the horse. The trial resulted in a verdict in favor of appellee. It is not claimed upon this appeal that the trial court committed any error in its rulings upon the instructions given or refused; nor is it claimed that the evidence adduced upon the trial was insufficient to warrant the verdict returned. The ground urged why the judgment should be reversed is that the attorney of appellee made improper remarks in his opening statement and closing argument to the jury, which were prejudicial.

The appellant is a railroad corporation, and it appears that, in selecting the members of the jury to try the case, appellant's attorney asked them in substance whether they

had any prejudice against railroad corporations, and whether they could give to the appellant the same consideration they would to an individual in the trial of the case. In his opening statement to the jury, the attorney for the appellee said that "the questions that have been propounded to the jurors by counsel for the defendant were an insult to their intelligence."

Upon the trial of the case, the testimony tended to prove that the horse was pulling a wagon upon a public road, and was frightened by the repeated and unnecessary blowing of the whistle of a moving train on the afternoon of April 14, 1905. The public road ran parallel with and about sixty feet from the railroad track. At this place, and for a distance of about one mile in the direction from which the train approached, there were no obstructions between it and the team, which could have been readily seen for that distance by the employees on the engine, and until it had passed the team on the road. The appellant introduced as witnesses the conductor and engineer, who testified that they were on this train. The allegations in the complaint and the testimony on the part of the appellee were sufficiently certain and definite in establishing that the train causing the alleged injury was the one upon which this conductor and engineer were at the time of the injury. The engineer testified that he saw some teams travelling along the public road at this place where the injury was alleged to have occurred, but he denied that he saw any team that was or appeared to be frightened. The conductor testified that he saw no team at all at said place. Several witnesses on the part of appellee testified that, for some distance before the train reached a point opposite to where the team was in the road, the whistle of the engine was blown repeatedly and unnecessarily, and as the train was passing the team the engineer was looking out of his cab at the frightened horse, but continued making the unusual and unnecessary noise with the whistle. In his closing argument to the jury, appellee's attorney said, "The conductor and engineer that have been introduced here as witnesses on the part of the railroad claim that they did not see the trouble plaintiff's team was in, did not know the blowing of the whistle or the escaping of the steam was

causing plaintiff's horse to take fright. They must have known it. If they did not know it, then it was some other train and some other conductor and engineer in charge of it which frightened plaintiff's horse, and not the train that this conductor and this engineer were in charge of."

It has been repeatedly held by this court that it constitutes reversible error for an attorney to make statements of and arguments relative to matters of fact about which there has been no testimony introduced upon the trial of the case. Where an undue advantage has been obtained by such an improper argument, so that prejudice has resulted therefrom to the losing party, then it can not be said that he has had a fair and impartial trial. It has been also held, on the other hand, that an attorney has the right to express his opinion as to the effect of the evidence adduced and to criticise opposing witnesses whose testimony is in conflict with established facts or other evidence in the case. *St. Louis, I. M. & S. Ry. Co.* v. *Pell*, 89 Ark. 87; *St. L. I. M. & S. Ry. Co.* v. *Raines*, 90 Ark. 398; *St. L. I. M. & S. Ry. Co.* v. *Aiken*, 100 Ark. 437. It is also well settled, as is said in the case of *Kansas City So. Ry. Co.* v. *Murphy*, 74 Ark. 256, that "a wide range of discretion must be allowed the circuit judges in dealing with the subject, for they can best determine at the time the effect of unwarranted argument." While that discretion is one which is judicial and subject to review, yet its exercise should not be controlled unless it clearly appears that it has been abused.

In the case at bar, the conductor and engineer testified that they did not see the frightened horse; the engineer testified that he saw some teams travelling along the road about this place, but that they were not frightened. The jury were warranted, we think, in finding that the team which he saw was plaintiff's team in question. Now, a number of witnesses introduced by appellee testified that the horse was frightened at the unusual and unnecessary noise made by the blowing of the whistle on the engine, and that it reared and plunged for some time as the train was passing until it finally fell across the tongue of the wagon, by which its leg was broken, resulting in its death. The attorney had the right to criticise these witnesses of appellant and the testimony which they gave. In stating in his argument that if appel-

lant's witnesses did not see the frightened condition of the horse, then it was some other train or some other conductor and engineer in charge of it which frightened the horse, the attorney was simply criticising these witnesses and speaking ironically of the truth of their testimony, rather than stating as a fact that the train in question did not cause the injury, or that the conductor and engineer who testified were not in charge of it.

We can not say that this argument was not legitimate or that, in failing to sustain an objection to it, the court so abused its discretion as to have committed a prejudicial error calling for a reversal of this case.

The remarks made by appellee's attorney in his opening statement to the jury were improper; but we do not think that they were of such a prejudicial nature as to require a reversal of the case. The attorney stated that it was an insult to their intelligence to ask the jury whether they were prejudiced against railroad corporations, and whether they could give to them the same consideration in the trial of the case that they could to an individual. The appellant was a railroad corporation, and had the right to an absolutely fair and impartial trial and an absolutely unprejudiced and unbiased jury to determine the question of fact involved in the case. But the remarks of the attorney implied this, and may have had the effect to impress the jury that they should as a matter of course be fair and impartial in their determination of the case, for the reason that it was, as stated, a reflection upon their intelligence to insinuate by the questions asked that they would not treat the appellant with perfect fairness and impartiality. In such matters we must rely greatly upon the discretion of the trial judge, who is in a better position to determine whether or not any prejudice has sprung from the improper remarks calling for a new trial of the case. While the remarks made by the attorney in the opening statement were not altogether proper, yet we can not say that the error in permitting these remarks to be made was so prejudicial as to call for a reversal of this case.

In their brief, counsel for appellant claim that appellee's attorney made other remarks in the course of his closing argument to the jury which were improper and prejudicial. But

the record shows that these latter remarks were made at a different time in the course of the argument, and that separate objection was made and separate exception thereto was saved. But this exception was not brought forward in the motion for new trial, and, for this reason, has not been preserved, so that we can notice the exception to these latter remarks upon this appeal. *Western Union Tel. Co.* v. *Sockwell*, 91 Ark. 475.

Upon an examination of the entire record, we are not able to find any prejudicial error committed in the trial of the case, and the judgment must accordingly be affirmed.