MISSOURI PACIFIC RAILROAD COMPANY *v.* BROOKS.

Opinion delivered October 6, 1924.

TRIAL—IMPROPER ARGUMENT OF COUNSEL.—In an action for the negligent killing of a dog by defendant's freight train, where there was neither allegation nor proof that the running of a fast freight train through a town at twenty miles an hour was excessive speed, it was error for plaintiff's attorney to contend in argument that the trainmen were negligent in running the train that fast.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler*, Judge; reversed.

*E. B. Kinsworthy* and *B. S. Kinsworthy*, for appellant.

*Albert W. Jernigan* and *D. E. Waddell*, for appellee.

WOOD, J.  On the 22d of April, 1923, one of appellant's trains ran over appellee's pointer dog, in the town of Malvern, and killed the same.  Appellee instituted this action against the appellant, alleging that the dog was negligently killed by the appellant, and that she was damaged in the sum of $100.  The answer denied any negligence on the part of appellant, and alleged that the killing of the dog was an unavoidable accident.  It also denied that the dog was of any value.

A witness for the appellee testified that he saw the dog killed.  "This dog was trotting along down by the switch and, when the train got right up close to it, it ran across the track right in front of the engine, and the engine hit it.  The train was right close up to the dog when it ran on the track.  It was running right on down the track there, ahead of the locomotive.  It was down grade where the accident happened.  The train was coming about as fast as usual.  It was coming at a pretty good clip.  These long trains do not stop except when they are going to take water.  It was a through freight train, and running about twenty miles an hour."

There was some testimony on behalf of the appellee to the effect that the market value of the dog was from forty to seventy-five dollars.  The testimony for the appellant was to the effect that the dog was worthless.

The appellant asked the court to instruct the jury to return a verdict in its favor, which request the court refused, and to which ruling the appellant duly excepted.

During the argument of the attorney for the appellee, he made this statement: "This was a through freight train, running down grade and around a slight curve.  It was running twenty miles an hour, and it was negligence for them to be running that fast.  If they had been acting as prudent men, they would have brought

that train around there so they could have stopped if anything got on the track.'' The appellant excepted to this argument, and asked the court to exclude it on the ground that there was no proof that the train was running at an excessive speed. The court overruled the motion, and appellant duly excepted. The jury returned a verdict in favor of the appellee in the sum of $50. Judgment was rendered in her favor for that sum, from which is this appeal.

The complaint does not allege that the appellant was negligent because it was running its train at an excessive rate of speed, and there is no testimony to the effect that the running of a fast freight train through the town of Malvern at twenty miles an hour was excessive speed, and therefore negligent. There was absolutely no testimony to warrant the inference that appellant was negligent because it ran its fast freight train on a down grade and through the town of Malvern at a speed of twenty miles an hour; there was no testimony to warrant the inference that the appellant's employees in charge of the train were negligent if they were running the train at a speed that the train could not be stopped if anything got on the track. Nor was there any testimony to warrant the inference that the running of the train at the rate of twenty miles an hour was the proximate cause of the killing of the dog. The argument therefore assumed the existence of facts which were not in evidence, and was improper and highly prejudicial to the rights of the appellant. *St. L. I. M. & So. Ry. Co.* v. *Earle,* 103 Ark. 356, and cases there cited.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.