Vicki N. LEWIS *v.* Wanda PEARSON

77-137 556 S.W. 2d 661

Opinion delivered October 24, 1977
(Division I)

*Haskins, Eubanks & Wilson,* by: *Gary L. Eubanks,* for appellant.

*Friday, Eldredge & Clark,* by: *William H. Sutton,* for appellee.

ELSIJANE T. ROY, Justice. This action arises out of an automobile accident which occurred in Little Rock, on May 14, 1975. The jury returned a verdict for appellant in the sum of $1,849.23. Appeal was taken from the trial court's failure to grant appellant's motion for a new trial.

The first allegation of error is that the trial court erred in failing to grant appellant's motion to quash the jury panel. Specifically appellant contended that because she was black and appellee was white she could not get a fair trial since no black jurors were serving on the jury[1] trying the case. We find no merit in this contention.

Appellant introduced no evidence of any systematic and purposeful exclusion. See *Fields v. State,* 255 Ark. 540, 502 S.W. 2d 480 (1973). The United States Supreme Court held in *Apodaca v. Oregon,* 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972), a defendant's challenge to a jury panel for racial reasons will not be sustained "merely because no members of his race are on the jury, . . . ."

*Apodaca, supra,* also holds that there is no requirement of proportionate representation on the jury panel.

In the course of his opening statement counsel for appellee stated that appellant had not lost any wages as a result of the accident. Appellant contends the trial court erred in failing to grant a mistrial because of this remark. Appellant's position is that appellee was trying to get matters before the jury which he could not properly introduce at the trial, i.e., a collateral source of income, independent of the tort-feasor, which compensated appellant despite her inability to work.

Counsel for appellee merely repeated in opening statement what had been stated by appellant on deposition, to wit: that she had lost no wages as a result of the accident. No reference was made to any source of compensation available to appellant. Neither counsel nor the court prior to trial was apprised of the fact that appellant was seeking to protect an area of alleged collateral source benefits.

We find the record indicates sufficient basis for counsel to have made the remark. Furthermore, the burden is upon appellant to demonstrate that the trial court erred in failing

---

[1]Three black jurors were initially on the panel but after voir dire they were struck by the use of peremptory challenges.

to grant a mistrial as a result of counsel's opening statement. Control of such matters lies largely within the discretion of the trial judge, whose action will not be reversed in the absence of an abuse of that discretion. *St. Louis, I.M. & S. Ry. Co.* v. *Earle,* 103 Ark. 356, 146 S.W. 520 (1912); *Coca Cola Bottling Co.* v. *Jordan,* 186 Ark. 1006, 54 S.W. 2d 403 (1932). We find no abuse of discretion here.

Appellant's next allegation of error is closely connected to the second. It is that the trial court erred in failing to give appellant's requested instruction concerning the value of appellant's lost working time. We find that the court properly refused this instruction due to failure of proof.

With regard to proof on the loss, 25A C.J.S. Damages § 162 (8) states:

A claim for loss of time or earnings must be supported by the evidence and can be allowed only in such amount as is so supported. A party asserting such claim must establish a reasonable probability that his injury brought about the loss, and must afford a basis for a reasonable estimate of the amount of such loss. ***

The only evidence before the jury was that appellant had been hospitalized and was employed at an annual salary. This was not sufficient to warrant an instruction to the jury on the issue of lost earnings. No evidence was introduced or proffer of proof made as to number of days lost or the per day value of lost working time until after both sides had rested. Then appellant proffered additional testimony on the point of the previous motion for mistrial because of the alleged improper comment made during the opening statement by appellee's attorney. Thus, the trial court properly refused the instruction.

Appellant also contends it was error to fail to grant appellant's motion for a mistrial because of misconduct by the bailiff. An investigator for appellant testified that he overheard the bailiff make the following remark[2] to one of the

[2]The remark was made in connection with eviction notices which the bailiff also handled as part of his duties.

jurors: "Yes, most of them were black, it seems they all feel like the world owes them something." At the hearing on the motion for a mistrial the bailiff denied making the remark. However, the juror involved was then called to testify, and he stated the remark was made but it did not influence his deliberations.

In *Putro v. Baker,* 147 Mont. 139, 410 P. 2d 717 (1966), the trial court questioned the jurors and asked if a certain article had any effect on their judgment, and all denied that it did. The trial court then denied the motion for a new trial. The appellate court held that the new trial should have been granted and that the trial court had acted improperly in asking the jurors whether or not the article had any influence upon their decision. Such a holding is also required in the case at bar by the Arkansas Uniform Rules of Evidence, Rule 606(b) (1976).

Because of the close relationship between the bailiff and the court itself any action on the part of the bailiff concerning the jury should be subject to close scrutiny by the court. See *Brody v. Boutin,* 95 N.H. 103, 58 A. 2d 209 (1948).

We find the derogatory reference to black persons was such that the possibility of prejudice was so great that the entire deliberations were tainted.

Reversed and remanded.

We agree. GEORGE ROSE SMITH, HOLT and HICKMAN, JJ.