OVERTON CONSTRUCTION, INC.
Michael J. OVERTON and Vickie OVERTON *v.*
FIRST STATE BANK, Springdale
Dwain A. NEWMAN

83-168                              662 S.W.2d 470

Supreme Court of Arkansas
Opinion delivered December 12, 1983
[Rehearing denied January 16, 1984.]

*Lisle & Watkins,* for appellants.

*Herdlinger, Jacoway & Stanley, P.A.,* by: *Roy E. Stanley,* for appellee First State Bank of Springdale.

*Davis, Cox & Wright,* by: *Constance G. Clark,* for appellee Newman.

RICHARD B. ADKISSON, Chief Justice. Appellant, Overton Construction, Inc., by its president, Michael J. Overton, and its secretary, Vickie Overton, executed to appellee, First State Bank, Springdale, Arkansas, a promissory note dated November 29, 1980, in the amount of $154,161.90, bearing interest at a rate of First State Bank's floating prime plus 2%, payable on demand, or if no demand, on or before November 29, 1981, and secured by residential lots. The note was a renewal of a previous loan guaranteed by appellee, Dwain A. Newman. The Washington County Chancery Court found the note not usurious under the governing federal law, the Monetary Control Act. On appeal appellant contends: 1) that § 501 of the Monetary Control Act did not apply to the note; 2) that, under § 511 of the Monetary Control Act, the interest agreed upon exceeded the permissible limit; and 3) that Dwain Newman was not entitled to judgment against the Overtons for any amount he would be required to pay as a guarantor.

First, appellants Overton argue that the chancellor erred in finding the note not usurious under § 501 because appellee bank, in waiting until after trial to raise the issue of the application of § 501, failed to give notice of reliance on foreign law in compliance with ARCP Rule 44.1. We do not

agree. ARCP Rule 44.1 requires that "a party who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this State shall give notice in his pleadings or other reasonable written notice." *Deposit Guar. Nat'l Bank* v. *River Valley Co.*, 247 Ark. 226, 444 S.W.2d 880 (1969). Under the circumstances of this case, where the parties tried the case with the knowledge that the Monetary Control Act was the applicable law, it was within the discretion of the trial court to accept as reasonable the notice given before judgment.

Appellants Overton further argue that appellee Bank failed to present proof that the bank was federally insured. In order for a loan to fall within § 501 it must 1) be a first lien on residential property, 2) be made after March 31, 1980, and 3) be a "federally related loan." 12 U.S.C. § 1735f-7 (Supp. 1983). One requirement of a "federally related mortgage" is that it must be a loan made in whole or in part by a lender whose deposits are insured by any agency of the Federal Government or made in whole or in part by any lender which is itself regulated by an agency of the Federal Government. There is no evidence in the record that appellee Bank's deposits are insured by the Federal Government. However, there is indication in the record that all of the parties proceeded with the trial of this case with the knowledge that First State Bank was a member of the Federal Deposit Insurance Corporation. Since the plaintiff failed to specifically establish this fact, this case should be remanded to allow proof and a final resolution of the issue.

We will not reach the merits of the appellants' second argument against the applicability of § 511 until it is established whether or not § 501 is controlling.

Appellants Overton third argument is that the chancellor erred in finding Dwain Newman entitled to a judgment over against the Overtons for all amounts Newman would be required to pay in excess of his pro rata share. We agree. The record reflects that Newman, as did the Overtons, executed with appellee Bank a continuing personal guaranty for the loan here in question between the appellee Bank and Overton Construction, Inc. Newman's continuing guar-

anty was identical to those executed by the Overtons. Dwain Newman, Michael Overton, and Vickie Overton were co-guarantors, each responsible for bearing their pro rata share of any judgment that any of them might be required to pay as a result of the guaranty agreement.

Accordingly we affirm in part, reverse in part, and remand for judgment to be entered consistent with this opinion.