## D. A. LANGSTON d/b/a D. A. LANGSTON ENTERPRISES *v.* Wilbur and Peggy HILEMAN·

84-167                                    680 S.W.2d 89

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*Herby Branscum, Jr.* for appellant.

*E. Winton McInnis,* for appellees.

JOHN I. PURTLE, Justice. Appellant, one of two defendants, was on the losing side of a jury trial. His motion for a new trial, based upon juror misconduct, was denied by the trial court. Appellant argues on appeal that the trial court erred in failing to grant a new trial. We agree with the appellant.

The facts of this case reveal that Wilbur and Peggy Hileman purchased a double wide mobile home from Big Three Mobile Homes, Inc. The home was manufactured by

D.A. Langston, d/b/a D.A. Langston Enterprises (appellant). The Hilemans paid $32,904.38 for the structure. Shortly after the building was assembled the roof commenced to leak and the floors buckled. The appellant made several attempts to correct the defects but was unable to satisfy the appellees who sued Big Three who in turn brought in the appellant as a co-defendant. During the trial Big Three was let out on a motion for directed verdict. The jury verdict in favor of appellees was $35,000 to which the court added $7,082 for attorney's fees and court costs.

After the trial the appellant learned that the president of Big Three had been seen talking with the jury foreman during the trial. Appellant alleged the jury foreman was also observed during the recess, showing other jurors pictures, and pointing out things to them which had been introduced as exhibits during the trial. Allegedly the foreman had been seen talking to a witness for the plaintiff during every recess during the two day trial. Based upon this evidence the motion for a new trial was made and overruled by the trial court. After entry of judgment the motion was renewed and after a hearing was again denied.

At the first recess during the trial the court instructed the jury not to discuss the case with each other or anyone else. The court also instructed the jury: "Please have no conversation with the attorneys, with anyone who is a party in the case or with anyone who is believed by you to be a witness in the case." He specifically told the jurors they could "smile" or "greet" each other but no other conversation would be allowed. Further conversation, he said, would result in correction by the court. The same type of instruction was given at the end of the first day. There seems to be no dispute that the trial court properly and correctly admonished the jury and that the foreman more or less openly disregarged the admonition of the court.

At the hearing on appellant's motion for a new trial the foreman denied he was discussing the case while talking to the witness and he denied discussing the case with other jurors or with the owner of Big Three. However, any conversation with a witness violated the court's admonition.

The single issue before this court is whether the trial court erred in refusing to grant a new trial. The standard in making this decision is whether the trial court abused his discretion in overruling the motion. We hold that he did. *Moody Equipment & Supply Co.* v. *Union National Bank, Adm'r,* 273 Ark. 319, 619 S.W.2d 637 (1981). In *Moody* we upheld the granting of a new trial by the trial court on account of a witness and a juror flirting during the trial. We stated that the latitude of the trial court's discretion increased proportionately as the situation presented to him a question that could not be as well presented to us by the printed record. In the present case we have it all in the printed record. The admonition was for the jurors not to discuss the case with anyone. They were also specifically told not to talk to the lawyers, parties or witnesses. Even though the foreman and the witness may not have talked about the case the conversation was in open and direct contradiction of the instruction by the court. The conversation between the juror and the witness in *Moody* concerned the juror's remarks about the witness's "pretty blue eyes" and the witness asking the juror if he could come by to see her sometime. The conversation in no manner concerned the issues of the trial. Nevertheless the trial court felt there was the appearance of impropriety and granted a new trial. This court affirmed the order granting a new trial.

After the hearing on the motion for a new trial the court very reluctantly turned down the motion for a new trial. In doing so the court stated: "I'll tell you once again, and for the record, I myself am suspicious of what occurred. It was in direct conflict with the court's instructions to the jury . . . on numerous occasions." The trial court contemplated contempt proceedings involving the juror but instead considered the fairness and reasonableness of the verdict and decided to deny the motion for a new trial.

It is a well established principle that "justice ought not only to be fair, but appear to be fair." *Arkansas State Hwy. Comm.* v. *A.L. Young,* 241 Ark. 765, 410 S.W.2d 120 (1967). When we consider the conduct of the jury foreman and the two witnesses we must conclude that in the present case there was at least the appearance of unfairness. Under the special

circumstances of this case we are of the opinion and can say with confidence that the trial court markedly abused his discretion. By this decision we do not imply that we are departing from the established principle that we will uphold the trial judge unless there is an abuse of discretion. *Moody,* supra. A jury verdict is not to be set aside arbitrarily and without reasonable cause. *Big Rock Stone & Material Co.* v. *Hoffman,* 233 Ark. 342, 344 S.W.2d 585 (1961).

Reversed and remanded.

HICKMAN, J., dissents.