## OVERTON CONST. CO., INC.,
## Michael J. OVERTON & Vickie L. OVERTON
## v. FIRST STATE BANK, Springdale, Ark.

84-238                                      688 S.W.2d 268

### Supreme Court of Arkansas
### Opinion delivered April 15, 1985

*Everett & Whitlock,* by: *John C. Everett,* for appellants.

*Herdlinger, Jacoway & Stanley, P.A.,* by: *Roy Stanley,* for appellee.

JACK HOLT, JR., Chief Justice. This is the second appeal of a case involving a default judgment on a promissory note. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(j).

The appellants executed a promissory note to the appellee which was secured by a mortgage on real property. When the appellants defaulted, the appellee filed a complaint to foreclose on the property. The appellants asserted usury as a defense in their answer to the complaint.

The trial court found the note was not usurious under the governing federal law. That ruling was appealed to this court and we affirmed in part, reversed in part, and

remanded in part on December 12, 1983. *Overton Const., Inc.* v. *First State Bank, Springdale,* 281 Ark. 69, 662 S.W.2d 470 (1983), *rehearing denied,* Janaury 16, 1984.

On remand, the appellants filed an amended answer in which they alleged that the real property securing the promissory note was not "residential" real property within the meaning of the applicable federal legislation. The trial court struck the amended answer. It is from that order that this second appeal is brought. We affirm.

This court has consistently held that when a cause is broadly remanded for a new trial all of the issues are opened anew as if there had been no trial, and the parties have a right to amend their pleadings as necessary. *Sanders* v. *Walden,* 214 Ark. 523, 217 S.W.2d 357 (1949); *American Nat'l Ins. Co.* v. *Laird,* 228 Ark. 812, 311 S.W.2d 313 (1958); and *Ford Motor Credit Co.* v. *Herring,* 267 Ark. 201, 589 S.W.2d 584 (1979). Here there was no such broad remand. Instead, this court in *Overton,* supra, decided all of the issues except for the question of whether or not the parties proceeded to trial "with the knowledge that First State Bank was a member of the Federal Deposit Insurance Corporation." *Overton,* 281 Ark. at 71. It was for the narrow purpose of resolving that question that this case was remanded. It is a general rule that a party is not allowed on remand to amend his pleadings so as to open up matters that were adjudicated by the appellate court. 5B CJS *Appeal & Error* § 1969 (8) (1958).

In fact, this appeal marks the appellants' third attempt to litigate the question of whether or not the property securing the mortgage was residential property. This same issue was raised in the first appeal and in the petition for rehearing. Clearly this court has already answered the appellants' contention.

In *Harper* v. *Nash Implement Co. Inc., et al,* 281 Ark. 161, 662 S.W.2d 811 (1984), we found the trial court had correctly applied the doctrine of "law of the case" by refusing to permit additional pleadings on remand. We said:

> The principles of law determined and announced

in the former appeal are binding and must stand as the law of the case . . . The decision of the trial court . . . was approved by this Court in the first appeal. On retrial the trial court correctly applied the doctrine of "law of the case" in applying the law set out in this Court's opinion in the original appeal. Accordingly, we conclude the trial court was correct in refusing to grant a trial de novo on all of the issues.

We reach the same conclusion in this case.

Affirmed.