Lonnie MITCHELL *v.* STATE of Arkansas

CR 89-43                                              776 S.W.2d 332

Supreme Court of Arkansas
Opinion delivered September 11, 1989

*Gibbons & Walker*, by: *M. Susan Walker*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DAVID NEWBERN, Justice. This appeal is from Lonnie Mitchell's second conviction of kidnapping, rape, and battery. His first conviction was reversed. The relevant facts are reported in *Mitchell* v. *State*, 295 Ark. 341, 750 S.W.2d 936 (1988). The sentence pronounced at the second trial was life imprisonment for kidnapping, life imprisonment for rape, and 40 years imprisonment for first degree battery. The sentences are to be served consecutively. At both trials, the victim positively identified Mitchell as the person who had kidnapped, raped, and beaten her. In the second trial Mitchell testified, and he did not deny having been with the victim early on the morning the events allegedly occurred. Speaking presumably of their initial meeting, he said he did not force himself on her but that he had a "bad temper" and became very angry at her after her car had gone in a ditch and he had banged his head. On cross-examination he admitted he had struck the victim with his fist, kicked her when she was down on the pavement, and forced her to engage in sexual intercourse with him.

Three points for reversal are stated. It is contended (1) that selection of a jury from voter registration lists excludes a significant segment of the population and does not result in a fair cross-section of the citizenry serving as jurors, (2) that a mistrial should have been declared because of an unelicited prejudicial remark made by the victim on the witness stand, and (3) that a new trial should have been granted because the victim was seen speaking to two jurors during a recess in the trial. We find no merit in any of these points. While use of the voter registration lists to select jurors does exclude one group of persons, *i.e.*, those who are not registered to vote, it has not been demonstrated that their exclusion results in other than a fair cross-section of the community sitting as jurors. Nor has it been shown that the remark of the victim, with respect to which an objection was sustained by the court, resulted in prejudice. We are given no reason to find error in the court's factual determination that the alleged conversation between the victim and the jurors did not

occur.

## 1. Jury selection

Mitchell's first conviction was reversed because black jurors were peremptorily challenged without compliance with the inquiry requirements of *Batson* v. *Kentucky*, 476 U.S. 79 (1986), and *Ward* v. *State*, 293 Ark. 88, 733 S.W.2d 728 (1987). In this appeal Mitchell's only racial reference is made to show that despite the fact that black people live in Pope County none were on the panel from which the jury was selected.

The procedure for using voter registration lists for the selection of jurors is found in Ark. Code Ann. § 16-32-103 (1987). Those excluded from service are persons not registered to vote. For a juror selection process to violate the "fair cross-section" requirement of the Sixth Amendment, which has been made applicable to the states through the Fourteenth Amendment, it must result in exclusion of a "distinctive" group, such as women. *Duren* v. *Missouri*, 439 U.S. 357 (1979). While it is clear that juror selection may not be the result of discrimination against groups defined by race, color, creed, or sex, the Supreme Court has made it equally clear that this does not mean that each jury must have on it persons representative of each distinctive group in the population from which it is chosen. *See Taylor* v. *Louisiana*, 419 U.S. 522 (1975). *See also Lewis* v. *Pearson*, 262 Ark. 350, 556 S.W.2d 661 (1977). Thus, the fact that there were no black persons on the panel from which the jury in this case was selected does not mean the jury was selected in a way which would' not result in a fair cross-section.

## 2. The victim's remark

The prosecutor asked the victim if she had any doubt about who had committed the offense. She replied she had none. He then asked who did it, and she responded, "It's Lonnie Mitchell; and he knows he did it." An objection to the remark was sustained, and defense counsel then moved for a mistrial. The motion was denied.

To be the basis of a mistrial, the incident complained of must be so prejudicial that it appears that the trial cannot proceed to a just result. *Ruiz* v. *State*, 299 Ark. 144, 772 S.W.2d 297 (1989). We have difficulty finding any prejudice here, much

less the sort required for a mistrial. While the victim's outburst was not strictly responsive to the question she had been asked, we cannot agree with Mitchell's argument that prejudice was "manifest" from the fact that the victim was only the second witness and had not yet been cross-examined.

### 3. Juror misconduct

The trial court held a hearing on Mitchell's new trial motion in which it was alleged that the victim had spoken with two jurors during a trial recess while the jurors and the victim and her family were proceeding up a set of stairs to reenter the courtroom. After listening to the testimony of a number of witnesses, the court concluded the evidence presented by Mitchell was too weak to show that the incident occurred.

Mitchell relies on *Langston* v. *Hileman*, 284 Ark. 140, 680 S.W.2d 89 (1984), in which the trial court found there had been a violation of his instructions to the jury. It was alleged that the jury foreman spoke with a witness and the defendant during the trial. The court denied a motion for a new trial because the case had, in the opinion of the court, been correctly and fairly decided by the jury. We reversed because under those "special circumstances" the trial court had abused its discretion by not correcting the appearance of evil. We noted, however, that we would not depart from the established principle that we will uphold the trial judge's decision not to grant a new trial absent an abuse of discretion.

We find no reason to overturn the factual determination made by the trial court. Nor do we find an abuse of discretion.

Although the state's brief does not indicate compliance with Arkansas Supreme Court and Court of Appeals Rule 11(f), to save the time which would be required to have the case rebriefed by the attorney general, we have examined the record and found no meritorious objections decided adversely to Mitchell and no prejudicial error.

Affirmed.