Brent PATTERSON *v.* UNITED PARCEL SERVICE, INC.

CA 07-859                                285 S.W.3d 683

Court of Appeals of Arkansas
Opinion delivered June 4, 2008

[Rehearing denied July 23, 2008.]

*David S. Mitchell, P.A.*, by: *David S. Mitchell*, for appellant.

*Anderson, Murphy & Hopkins, LLP*, by: *Mariam T. Hopkins* and *Jarrod Russell*, for appellee.

D.P. MARSHALL JR., Judge. Brent Patterson appeals a jury verdict in favor of United Parcel Service in this personal-injury case. We confront questions about judicial notice of federal law and jury instructions.

Patterson was an employee of Fleming Network Services, a company that UPS hired to install communications cables at a UPS warehouse in Dermott. The Fleming employees had to use ladders to install the cables. There was a fixed ladder at the warehouse with a platform at the top. Patterson did not have to use UPS's fixed ladder; Fleming trucks come equipped with ladders. But Patterson used the fixed ladder and during his second or third time climbing it, he fell off.

Patterson then filed this lawsuit against UPS and the warehouse owners who rented UPS the building. He alleged that the ladder and premises were negligently constructed and maintained

in violation of OSHA standards 29 C.F.R. § 1910.27(c)(4) & (6). UPS asserted cross–claims against the warehouse owners for contribution and indemnity. Before trial, Patterson dismissed his claims against the owners. The jury concluded that UPS was not negligent. The trial court then entered judgment for UPS and dismissed its cross–claims against the warehouse owners with prejudice. Patterson appeals. He contends that the circuit court abused its discretion by refusing to take judicial notice of the OSHA regulations, thereby impeding his case, and by refusing his proffered jury instruction about UPS's duty of care to him.

## I.

Patterson first argues that the circuit court abused its discretion by refusing to take judicial notice under Arkansas Rule of Evidence 201 of the OSHA regulations and that they applied to this ladder at the UPS warehouse. The record shows some confusion at trial about whether and how the circuit court could take judicial notice of federal law. Judicial notice is a vexed question in general. 9 Wigmore, *Evidence* § 2566, at 711-20 (Chadbourn rev. 1981). And the confusion below is not surprising given how the part of this doctrine about noticing foreign law evolved. *See generally Greene v. State*, 335 Ark. 1, 14-23, 977 S.W.2d 192, 198-203 (1998). In a case such as this one, where the real issue is what law applies, to talk about a court taking judicial notice of the law clouds rather than clarifies that issue.

Arkansas Rule of Evidence 201 permits, and sometimes requires, judicial notice of only adjudicative facts, not foreign law. Our rule is modeled on the federal rule, and the Advisory Committee Notes to the original federal rule make Rule 201's fact-only scope clear. In a "Note on Judicial Notice of Law," after referring to Federal Rule of Civil Procedure 44.1 and its companion Federal Rule of Criminal Procedure 26.1, the Advisory Committee explained: "These two new admirably designed rules are founded on the assumption that the manner in which law is fed into the judicial process is never a proper concern of the rules of evidence but rather the rules of procedure." The Advisory Committee accepted this understanding and rejected the common-law rule, which considered foreign law as a fact and therefore required proof about it. When Arkansas adopted our Rule of Evidence 201, which echoes the federal rule, our State endorsed this understanding.

Arkansas Rule of Civil Procedure 44.1 provides the best method for invoking foreign law in a case like this one. Our

supreme court has assumed that Rule 44.1 applies to federal law. *Overton Const., Inc. v. First State Bank, Springdale*, 281 Ark. 69, 70-71, 662 S.W.2d 470, 471 (1983). Under that rule, "[a] party who intends to raise an issue concerning [foreign law] shall give notice in his pleading or other written notice. . . [and] [t]he court, not the jury, shall determine the law of any jurisdiction or governmental unit thereof outside this State." Ark. R. Civ. P. 44.1(a) & (c). Like the federal rule after which it was modeled, our Rule 44.1 "allows the court to determine foreign law without extensive and cumbersome fact finding procedures[]" based instead on the parties' arguments. *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 326, n. 20 (1st Cir. 2004). Rule of Evidence 201, which applies only to adjudicative facts, is simply not the correct basis for arguing that non-Arkansas law applies in a case. *Lively v. State*, 25 Ark. App. 198, 200-01, 755 S.W.2d 238, 239-40 (1988).

We acknowledge a handful of older precedent which, though Patterson does not rely on it, seems to support his argument for taking judicial notice of federal law. *Elms v. Hall*, 214 Ark. 601, 606, 215 S.W.2d 1021, 1024 (1948) (court refused to take notice of federal regulation but implied that it could have done so); *Ark. Valley Co-op. Rural Elec. Co. v. Elkins*, 200 Ark. 883, 887, 141 S.W.2d 538, 540 (1940) (supreme court took judicial notice of federal statute creating the Rural Electrification Administration), *held superseded in immaterial part by statute in Parish v. Pitts*, 244 Ark. 1239, 1245, 429 S.W.2d 45, 48 (1968); *St. Louis I.M. & S. Ry. Co. v. Maddry*, 57 Ark. 306, 310-12, 21 S.W. 472, 473 (1893) (the amount of a pension fixed by federal statute was not a matter for proof, but could be judicially noticed and presented to the jury in the instructions); *Cox v. Morrow*, 14 Ark. 603, 610-11 (1854) (stating, in *dicta*, that federal law applied throughout the nation and thus could be noticed in state court).

This older precedent does not decide this case. First, and most importantly, all of it predates Rule of Evidence 201 and Rule of Civil Procedure 44.1. These cases thus embody the pre-rule understanding about how applicable law comes into a case. *Greene*, 335 Ark. at 14-15, 977 S.W.2d at 198-99. Second, none of these older cases approved the critical step that Patterson asked the circuit court to take here: read the OSHA regulation to the jury, or allow his counsel to do so, as evidence during Patterson's case in chief. Indeed, *Maddry* rejected a party's similar effort. 57 Ark. at 312, 21 S.W. at 473.

In this case, Patterson asked the circuit court to take judicial notice under Rule 201 that federal OSHA regulations about ladders were in effect at the time of the accident and that they applied to this UPS warehouse. The court refused to do so, but allowed Patterson to question witnesses about the regulations and gave a jury instruction about them over UPS's objection. These rulings were all correct; the court handled this issue of federal regulatory law as an issue of law, not as a fact deemed established under Rule 201.

■ Patterson gave the circuit court and UPS sufficient notice of his intention to rely on the regulations in his amended complaint. *Ark. Appliance Distributing Co. v. Tandy Electronics, Inc.*, 292 Ark. 482, 484-86, 730 S.W.2d 899, 900 (1987). But then he took wrong turns at the pre-trial conference: he argued the issue as a matter of fact under Rule 201; he gave no explanation about how he intended to use the OSHA regulations with the witnesses; and he wanted to read the regulations, or have the court read them, to the jury as part of the plaintiff's evidence. Because the regulations were law, not facts, the circuit court did not abuse its discretion by refusing to take judicial notice of them under Rule of Evidence 201, *Mhoon v. State*, 369 Ark. 134, 136, 251 S.W.3d 244, 246 (2007), or by refusing to admit the regulations as evidence adrift from any witness.

Patterson also contends that the circuit court abused its discretion by not letting him refer to the OSHA regulations when questioning witnesses or in his opening statement. The record, however, shows that the circuit court did not stop Patterson from questioning witnesses about the regulations. After opening statements, the court told Patterson's attorney that "[i]f you have a proper foundation through witnesses that will make that OSHA regulation relevant then you can [mention it]." Patterson questioned at least two witnesses about the general applicability of OSHA regulations to this warehouse and ladder. When these witnesses expressed no familiarity with whether the regulations applied, Patterson moved on to other questions.

■ The circuit court did not allow Patterson to refer to the OSHA regulations in his opening statement because Patterson had yet to lay an evidentiary basis showing that the regulations were applicable. In the pre-trial conference, Patterson neither proffered nor explained the anticipated lay-witness testimony that would have supported his referring to the regulations in his opening.

Moreover, he had no expert testimony on the issue. Given that the circuit court allowed Patterson to question witnesses about the OSHA regulations and gave a jury instruction about them, and given the court's broad discretion in controlling opening statements, we see no abuse of discretion here. *Lewis v. Pearson*, 262 Ark. 350, 353, 556 S.W.2d 661, 663 (1977).

## II.

Patterson next argues that the circuit court abused its discretion by refusing to give his proffered model civil jury instruction, and by giving a non-AMI instruction instead, about UPS's duty as a matter of premises liability to Patterson. Patterson proffered part of AMI 1104—Duty Owed to Invitee. His instruction would have told the jury that "[i]n this case, Brent Patterson, was an invitee upon the premises of Defendant, United Parcel Service, Inc., who owed a duty to use ordinary care to maintain the premises in a reasonably safe condition." UPS proffered an alternative instruction quoting *D.B. Griffin Warehouse, Inc. v. Sanders*, 349 Ark. 94, 105-06, 76 S.W.3d 254, 262 (2002). UPS urged that its instruction from *Sanders* was a recent and correct statement of UPS's duty to an independent contractor's (Fleming's) employees.

At this point, the circuit court asked Patterson to proffer the entire AMI 1104 instruction, which should be used if substantial evidence existed that some condition of the premises (here, the ladder and platform) presented an open and obvious danger. Note on Use, AMI Civ. 1104 (2007). Patterson did not do so. The jury had heard testimony and seen photographs, however, that created an issue of fact about whether the dangers of the ladder and the platform were open and obvious. This was one of the central disputed issues in the case. With the evidence in the record, the circuit court did not abuse its discretion by choosing the *Sanders* instruction over the partial AMI 1104 offered by Patterson, which omitted a key issue. *Williams v. First Unum Life Ins. Co.*, 358 Ark. 224, 229, 188 S.W.3d 908, 911 (2004).

Affirmed.

HART and GLADWIN, JJ., agree.