2016 Ark. 79

Lonnie E. MITCHELL, Appellant

v.

Wendy KELLEY, Director, Arkansas
Department of Correction,
Appellee.

No. CV–15–780

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

## PER CURIAM

In 1988, appellant Lonnie E. Mitchell was found guilty by a jury of kidnapping, rape, and first-degree battery. He was sentenced as a habitual offender to consecutive terms of imprisonment for life, life, and forty years, respectively. We affirmed. *Mitchell v. State*, 299 Ark. 566, 776 S.W.2d 332 (1989).

In 2015, Mitchell, who is incarcerated at a unit of the Arkansas Department of Correction ("ADC") in Lincoln County, filed a petition for a writ of habeas corpus in the Lincoln County Circuit Court.[1] The petition was dismissed, and Mitchell brings this appeal.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark.Code Ann. § 16–112–103(a)(1) (Repl.2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416, 2013 WL 5775566.

Lonnie E. Mitchell, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

---

1. As of the date of this opinion, Mitchell remains incarcerated in Lincoln County.

■ Mitchell argued in the habeas petition, and in this appeal, that the judgment in his case was illegal on its face because the trial court lacked authority to sentence him to the terms of life imprisonment because he was under the age of twenty-one when he committed the offenses. As authority for the claims. Mitchell cites Arkansas Code Annotated § 16–93–607(d) (1987) and our decision in *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

Section 16–93–607(d), however, applied only to first offenders. As stated, Mitchell was sentenced as a habitual offender. With respect to *Turner*, the case concerned a juvenile offender who was sentenced to life imprisonment and was thus entitled to relief under the United States Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). In *Graham*, 560 U.S. at 74, 130 S.Ct. 2011, the Court held "that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole." According |₃to the judgment of conviction and records maintained by the ADC, Mitchell was born on January 12, 1968. He committed the offenses in June 1986 when he was eighteen years old. He did not allege

in his habeas petition that he was under the age of eighteen when he committed the offenses or demonstrate that *Graham* applied to his case.

■ Mitchell also argues that Arkansas Code Annotated section 16–93–607(c)(1) (1987) rendered him ineligible for parole, and, thus, his life terms were unconstitutional because life without parole was not a legal penalty for the offenses of which he was convicted. Section 16–93–607(c)(1), in pertinent part, provided that prison inmates under sentence of life imprisonment shall not be eligible for release on parole unless the sentence is commuted to a term of years by executive clemency. Upon commutation, the inmate becomes eligible for release on parole. Mitchell asserted that his life sentences were effectively converted by section 16–93–607(c)(1) to a sentence of life without the possibility of parole.[2]

■ |₄Pursuant to Arkansas Code Annotated section 5–4–401(a)(1) (1987), Mitchell could be sentenced for rape and kidnapping, both of which were Class Y felonies, to a term of imprisonment of ten to forty years or life. Mitchell did not argue that the life sentences that were imposed were outside the range of sentencing provided

2. As we noted in *Turner*, generally, in Arkansas, life means life; and, with few exceptions that Mitchell does not contend apply to him, the legislature has not provided for a sentence of life with the possibility of parole in over forty years. *Turner*, 2014 Ark. 19, at 7–8, 431 S.W.3d 283, 287; *see* Ark.Code Ann. § 16–93–601(b)(1) (Repl.2006) (stating that individuals sentenced to life imprisonment for felonies committed before March 1, 1968, and individuals sentenced to life imprisonment for felonies committed after February 12, 1969, and before April 1, 1977, are not eligible for parole unless the sentence is commuted to a term of years by executive clemency); § 16–93–604(b)(1) (Repl.2006) (stating that individuals sentenced to life imprisonment for felonies committed on or after April 1, 1977, and before April 1, 1983, are not eligible for parole unless the sentence is commuted to a term of years by executive clemency); § 16–93–607(c)(1) (Repl.2006) (stating that individuals sentenced to life imprisonment for felonies committed on or after April 1, 1983, but before January 1, 1994, are not eligible for parole unless the sentence is commuted to a term of years by executive clemency); § 16–93–614(c)(1)(B) (Supp.2013) (stating that inmates sentenced to life for offenses committed after January 1, 1994 are not eligible for transfer to community corrections unless the sentence is commuted to a term of years by executive clemency); § 16–93–601(b)(2) (Repl.2006) (stating that individuals sentenced to life on and after March 1, 1968, and prior to February 12, 1969, are parole eligible after serving fifteen years).

at the time he committed the offenses. A court considering claims in a habeas petition pertaining to the facial validity of the judgment need not look beyond the permitted statutory range of punishment in determining whether the sentence in the judgment was valid. *Redus v. State*, 2013 Ark. 9, at 4, 2013 WL 7851469 (per curiam).

 We have held that a challenge to the constitutionality of a parole-eligibility statute is not a cognizable claim in habeas proceedings. *Woodson v. Hobbs*, 2015 Ark. 304, at 3, 467 S.W.3d 147, 149 (per curiam). Habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction. *See Blevins v. Norris*, 291 Ark. 70, 722 S.W.2d 573 (1987).

The determination of parole eligibility is solely within the province of the ADC. *Aguilar v. Lester*, 2011 Ark. 329, 2011 WL 3930362 (per curiam). This court has repeatedly held that the ADC, not the sentencing court, determines parole eligibility. *Cridge v. Hobbs*, 2014 Ark. 153, at 3–4, 2014 WL 1344404 (per curiam); *see Johnson v. State*, 2012 Ark. 212, 2012 WL 1739110 ("Parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute."); *Thompson v. State*, 2009 Ark. 235, 2009 WL 1784086 (per curiam) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to parole eligibility on the sentence announced). The ADC's determination that a prisoner is not eligible for parole does not amount to a modification of his sentence or render the sentence imposed illegal on its face. *See Cridge*, 2014 Ark. 153, at 3–4, 2014 WL 1344404.

Because Mitchell did not establish the facial invalidity of the judgment in his case or the lack of jurisdiction by the trial court, he does not show that he was entitled to the relief sought in his petition. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Accordingly, we hold that the circuit court did not err in declining to issue the writ. *Id.*

Affirmed; motion moot.