LINDELL SQUARE LIMITED PARTNERSHIP, Richard L. Grant, and E.M. Bush *v.* SAVERS FEDERAL SAVINGS & LOAN ASSOCIATION

CA 90-121                                           799 S.W.2d 569

Court of Appeals of Arkansas
Division II
Opinion delivered November 28, 1990

*Wood, Smith, Schnipper & Clay*, by: *Ray S. Smith, Jr.*; and *David A. Orsini*, for appellants.

*Wright, Lindsey & Jennings*, for appellee.

JAMES R. COOPER, Judge. This is the second appeal of this case. As shown by our prior opinion, Richard L. Grant was the general partner of Lindell Square Partnership, and E.M. Bush was the limited partner. The appellee bank brought a successful action against Grant and Bush to establish their liability as guarantors under a bond guaranty agreement. Other security was provided by a mortgage executed by Grant as general partner of Lindell Square. A substantial deficiency remained after foreclosure. The chancellor found Grant and Bush individually liable on the guaranty. We affirmed that portion of the chancellor's decision, but held that the chancellor erred in computing the guarantors' liability as a percentage of the deficiency remaining after resorting to other security, rather than as a percentage due on the bonds at the time of default. We found that "the contractual liability of Bush under the guaranty is 20% of $1,316,274.14, and the contractual liability of Grant is 80% of $1,316,274.14, Savers' recovery being limited to the outstanding deficiency of $717,067.99." *Lindell Square Ltd. v. Savers Fed. S & L Assn.*, 27 Ark. App. 66, 766 S.W.2d 41 (1989). We reversed on cross appeal and did not remand for further proceedings.

On receipt of our mandate, the chancellor entered the following order:

1. Plaintiff Savers Federal Savings & Loan Association ("Savers") is hereby given judgment against defendant Richard L. Grant in the amount of $1,053,019.31, with interest thereon from March 11, 1988, until paid at the rate of 10.5% per annum.

2. Savers is hereby given judgment against defendant E.M. Bush in the amount of $263,254.83, with interest thereon from March 11, 1988, until paid at the rate of 10.5% per annum.

3. Savers is hereby given judgment against defend-

ants Richard L. Grant and E.M. Bush, jointly and severally, for attorney's fees incurred by Savers in the amount of $7,160.53.

    4.    Credit having been given for the proceeds of the foreclosure sale, Savers ultimate recovery from all sources is limited to the outstanding deficiency of $717,067.99, plus accumulated interest until paid.

The appellants excepted to the judgment entered by the chancellor pursuant to our mandate, contending that no allocation of the foreclosure proceeds was made by our opinion, and requesting that the chancellor give them credit for the foreclosure proceeds in calculating the amount of the judgment. The chancellor denied the appellant's exceptions on the ground that our mandate left him no latitude to grant pro-rata credit for the sale proceeds against the respective judgments. From that decision, comes this appeal.

For reversal, the appellants contend that the chancellor erred in interpreting our mandate, and in failing to give them credit for foreclosure proceeds. They also contend that failure to apply the foreclosure proceeds as credits against the judgments denies them due process.

We hold that the issues now raised by the appellants are barred by the doctrine of the law of the case:

> Our court has long adhered to the rule that when a case has been decided by it, and after remand returned to it on a second appeal, nothing is before the court for adjudication except those proceedings had subsequent to its mandate. Matters decided in the first appeal are the law of the case and govern the action of the trial court on remand and our action on a second appeal to that extent, even if we were now inclined to say that we were wrong in the earlier decision. This rule is based on the fundamental concept that judgments must at some point become final and departure from that rule would result in only uncertainty, confusion, and incalculable mischief.

*Pickle* v. *Zunaman*, 19 Ark. App. 40, 716 S.W.2d 770(1986). The record shows that no evidence was submitted subsequent to our mandate.

The appellants' contention that the chancellor misinterpreted our mandate and erred in failing to give them credit for foreclosure proceeds is based on the premise that we left open the issue of such credit by failing to make an allocation of the foreclosure proceeds in our original opinion. However, we held that "the chancellor erred in applying the foreclosure proceeds to reduce the guarantors' contractual limit of liability, rather than merely to reduce the indebtedness." *Lindell Square, supra.* This holding was based on our stated conclusion that the guarantors' liability was intended to be independent of *and in addition to* other security. *Id.* Given this conclusion, it is clear that the reason no allocation of the foreclosure proceeds was made in our first opinion was because, in deciding the issues there presented, we concluded that such an allocation would be improper under the terms of the agreement. Because the appellants' issue regarding allocation of proceeds was decided on the first appeal, it has become law of the case on the second appeal and we are bound by it. *Wilson* v. *Rogers*, 256 Ark. 276, 507 S.W.2d 508 (1974). Moreover, because the allocation issue as argued by the cross appellant in the original appeal raised the issue of the propriety of crediting the appellants with the foreclosure proceeds under the terms of the agreement, the due process issue now advanced by the appellants was ripe for presentation in the first appeal and should have been argued. The decision on the first appeal is conclusive of any arguments that were or could have been made at that time. *First American Nat'l Bank* v. *Booth*, 270 Ark. 702, 606 S.W.2d 70 (1980). We affirm.

Affirmed.

CRACRAFT, and MAYFIELD, JJ., agree.