Jackson-V v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-085-CR

     VERNON JACKSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 2
Dallas County, Texas
Trial Court # F93-64169-PI
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Jackson appeals his conviction for voluntary manslaughter for which he was
sentenced to twenty years in prison and a $10,000 fine.
      Appellant was charged with the murder of O.C. Hall. The jury convicted him of the lesser-included offense of voluntary manslaughter. The evidence reflects that: (1) Appellant and Hall
lived in the same house; (2) they were fighting; (3) Appellant said to Hall, "Give me your money";
(4) Appellant killed Hall by stabbing him nine times with a knife; (5) Appellant was 44-years old
and weighed 175 pounds; (6) Hall was 68-years old and weighed 95 pounds; and (7) both
Appellant and Hall had been drinking.
      Appellant testified he and Hall rented a house together; that Hall got upset about some money
someone owed him; that he told Appellant to get out; that he threatened to kill Appellant with a
screwdriver; that a fight ensued during which he stabbed Hall four times; that he then left the
house and spoke with a retired police officer who then contacted the police; and that he gave the
police the knife he used and signed a voluntary statement.
       Appellant pled not guilty by reason of self-defense, and was convicted by the jury of the
lesser-included offense of voluntary manslaughter. He appeals on two points of error.
      Point one: "The trial court erred and abused its discretion at the guilt-innocence phase of the
trial when it disallowed Appellant to testify that he had never been convicted of a felony."
      On direct examination of Appellant at the guilt-innocence phase, defense counsel asked
Appellant if he had ever been convicted of a felony. The prosecutor objected that the testimony
was irrelevant at this stage of the proceeding, and the trial court sustained the objection.
      Appellant asserts the evidence was relevant as having a tendency to make the existence of his
defense of self-defense more probable. Appellant has waived any error by failure to make an offer
of proof of the substance of the excluded testimony.
      Rule 52(b), Texas Rules of Appellate Procedure, and Rule 103(a)(2), Texas Rules of Criminal
Evidence, both require that, when evidence is excluded, the proponent establish the substance of
the excluded evidence by making an offer of proof. Chambers v. State, 866 S.W.2d 9, 27 (Tex.
Crim. App. 1993); Tatum v. State, 799 S.W.2d 569, 571 (Tex. Crim. App. 1990). Appellant
failed to make an offer of proof at the guilt-innocence phase, and has waived any error.
      More importantly, the trial court properly excluded the proposed testimony as to Appellant's
prior criminal record because it was irrelevant at the guilt-innocence phase. An accused may offer
character evidence at this phase to show that it is improbable that the accused committed the act
charged; however, he may do so only through reputation or opinion evidence. Garcia v. State,
819 S.W.2d 667, 668 (Tex. App.—Corpus Christi 1991, no pet.); Tex. R. Crim. Evid. 405. He
may not do so by testimony that he has never been convicted of a criminal offense. Smith v. State,
638 S.W.2d 208, 209 (Tex. Crim. App. 1982). Point one is overruled.
      Point two: "The appellant's trial counsel was ineffective at the guilt-innocence phase of the
trial because said counsel caused the appellant's credibility to be undermined at a critical stage of
the trial."
      Under this point Appellant contends that his trial counsel, by asking Appellant if he had ever
been convicted of a felony, left a possible false impression with the jury and, further, failed to
establish the substance of the excluded evidence by making an offer of proof.
      The standard of review, where ineffective assistance of counsel is alleged, is set out in
Strickland v. Washington, 466 U.S. 688; and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). These cases require a showing that counsel's performance was deficient by norms
of the community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts and omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance
of counsel is on the appellant and must be proved by a preponderance of the evidence. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Further, trial counsel's action concerning
an isolated evidentiary error may not automatically be transformed into grounds for relief for
ineffectiveness of counsel. Ingram v. State, 679 S.W.2d 503, 507 (Tex. Crim. App. 1984).
      Appellant has failed to show how the alleged error affected the outcome of the trial as required
by Strickland. The record reflects that trial counsel ably presented motions, lodged objections,
selected a jury, cross-examined state witnesses, presented defense witnesses, and presented jury
argument on Appellant's behalf. Trial counsel also pursued Appellant's theory of self-defense. 
The jury's verdict finding Appellant guilty only of the lesser-included offense of voluntary
manslaughter indicates that defense counsel was very effective in representing Appellant at the
guilt-innocence phase of the trial. This is especially true, given the evidence which showed
Appellant to be much younger than the victim, outweighing him by 75 pounds, and admitted to
stabbing the victim four times, although there were nine stab wounds on the body.        Appellant
has failed to prove ineffective assistance of counsel. Point two is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 8, 1995
Do no publish